Per Curiam.

The state has succeeded to the rights of Weatherhead, and if the defendant would have been entitled to set up the mortgage as against him, without the attainder, he is equally so entitled against the people. In April, 1774, interest was paid on the bonds, for which the mortgage was given as a security. In March, 1802, the attorney-general and the surveyor-genéral, on a reference from the senate, reported the mortgage debt to be outstanding and due. Here was an interval of 28 years, during which the mortgage debt lay dormant; and if we deduct the period of the American war, it will leave the 20 years from which to form a presumption of payment. But the 20 years is only a circumstance on which to found the presumption, and is not, in itself, a legal bar; and at the very time when the presumption was to arise, the officers of the government to whom a question of this kind would naturally be referred by the government, and to whom it was referred by the senate, reported the mortgage debt to be still in force. This was enough to rebut the presumption, and in the year following, or March, 1803, the mortgage was assigned to Thurman, under whom the defendant held. When we connect with the above facts the further circumstance that the premises were uncultivated lands, and a forest, until 1795, we are of opinion that the jury would have been warranted to consider the mortgage as a subsisting encumbrance, and a valid defence by the party in possession of it.
The mortgage was originally given for a small undivided part, being two fifty-fifths of a large tract of land; but on partition, the right of the mortgagor was allotted to that part of the tract which included the premises; and we are of opinion that the mortgage is to be considered as attached to that part so assigned as the share bf the mortgagor, and as covering his whole interest in it.
J udgment for the defendant.,