The opinion of the court was delivered by
Gibson, J. Bv
the English statutes, where either the debt for which theaetion is brought, or that proposed to be defalked, has accrued by-reason of a specialty, the set off must be pleaded in bar: in all other cases it may be either pleaded or given in evidence on the general issue. By our act of assembly, the defendant may, in all cases, either plead it specially, or give it in evidence on notice under the plea of payment, at his election; and where payment is in fact pleaded, the additional short entry of “set off,” is* not considered as a plea, but a minute or memorandum that a set off is intended to be relied on. A formal plea would require application; but nothing appears here beyond the customary short entry, and the cause having been put at issue on the plea of payment, the record is in this respect well enough.
The deposition of George Henderson was properly excluded. The bill of exceptions presents the case of a joint obligor, against whom the writ was issued, but who was not summoned, being produced to prove a debt against the plaintiff separately due to himself; and although he might not be incompetent to testify to any fact in the cause merely on the ground of having originally been joined as *383 a party, he might be incompetent on the ground of a particular interest. From liability to the plaintiff, he was discharged by the action, which was originally joint, being prosecuted separately against his co-obligor; and from liability to the defendant to contribution for the debt and costs that might be recovered, which would otherwise be sufficient to exclude him, (Riddle v. Moss, 7 Cra. 306,) he was discharged by the defendant’s release: but he was clearly interested in the demand proposed to be defalked.
In permitting cross demands to be set off against each other, the object is to prevent circuity of action; and a.successful attempt to set off a debt, must therefore necessarily be équwalent to the recovery of it by a separate action. Here, had .the demand of the witness been succssfully used as a defence, he would have been entitled to the benefit of it, between himself and his co-obligor, and to permit him to sustain his own demand by his own evidence, would be • to allow him to appear as a witness in his own cause. The release by Thomas Henderson, the co-obligor and defendant in the cause, of all responsibility on the part of the witness, as well as his covenant to pay whatever might be recovered, without recourse to the witness, did not remove this interest: nothing but the relaase of the witness himself could do that. But independent of personal objection to the witness; thedebtitselfwasnotthesubjectof defalcation; because not being due to the defendant but to the witness, who was not a party, it wanted the ingredient of mutuality. The object in permitting debts to be set off,, being, as I have said, to prevent circuity of actions, it of course can be allowed only where the parties have a mutual right to sue each other. But here there was, as respects the debt attempted to be( set off, nothing like privity between the plaintiff and the defendant. Where a bond is sued jointly and one of the obligors is not summoned or taken, they who appear shall be charged with the whole. Here the person to whom the debt was alleged to be due, was not a party to the suit, and was offered as a witness avowedly on that ground. How. then could he urge a defalcation of his debt in a cause in which he was not defendant? Or how could his co-obligor who was a defendant, and the defendant exclusively liable, urge it, when the debt was not demanded by him? In this respect the case is perfectly analogous to that of Cramond v. Bank of the United States, I Binn. 64, in; which the set off was not allowed. But if both obligors had appeared, this separate debt of one of them, could not according to the English statutes have been set off against the plaintifi’s joint demand; and íj c am not ,aware of any thing in our act of assembly to create a differ-j,1 ence. The case of a set off by a surviving partner, of a partnership debt against his own separate debt, depends on the circumstance that the right to sue for the partnership debts survives to him; and as he may sue for them as his own, hé may set them off as his own.
Thenastotheerforassignedinthedirectionofthecourt. Between the time when the bond became due, and the time when it was put *384 in suit, there was an interval of eighteen years and three months; during which there appears to have been endorsed on the instrument a credit of a years interest, and a small part of the principal. The rule with respect to the presumption to be drawn From lapse of time, is derived by analogy from the English statute of limitations concerning writs of entry into land, and the statute of limitations concerning writs of error; and it is adopted both by courts of law and by courts of equity: by the former not only in the case of a stale claim on a bqnd, but in the case of the peaceable possesion of a franchise, or incorporeal right; and by the latter in the case of a bill by a mortgagor to redeem, and in the case of a bill of review. Our act of assembly restrains the commencement of actions for recovering the possession of lands to twenty one years from the time the-right of entry first accrued; but the rule, as stiled in analogy to the English statute, the limitation in which is only twenty years, was adopted here before our act was passed; and it was not after-wards worth while to alter it merely for the sake of preserving the analogy. But the rule is in the nature of a statute of limitation furnishing, not indeed a legal bar, but a presumption of facts and although less than conclusive, yet prima facia evidence of it, and therefore sufficient of itself, to cast the burthen of countervailing evidence on the opposite party. When less than twenty years has intervened, no legal presumption arises; and the case not being within the rule, is determined on all circumstances; among which, the actual lapse of time, as it is of a greater or less extent, will have a greater or less operation. All this is so clearly stated by Lord Mansfield, in the Winchelsea causes, 4 Burr. 1962, as to leave no doubt of the origin and nature of the rule. In the case of a debt accruing by reason of a specialty, it was necessary for the sake of convenience and repose to establish some-certain period after which payment should be presumed from lapse of time alone: and that period was, in analogy to the statute of limitation, fixed at twenty years. But it is to be observed, there is an obvious distinction between length of time sufficient, of itself, to raise a legal presumption of the kind which I have mentioned, and length of time which, although insufficient for that purpose may nevertheless, in connection with other circumstances, fairly enter into the estimate of the proof to be derived from the whole evidence. The rule is applicable only to the first, because no legal presumption of the fact can be obtained from the second, and stabitur presumptioni, doñea probetur in contrarium cannot be predicated of it: it is a matter exclusively for the consideration of the jury. A want of attention to this, has I apprehend given rise to the loose dicta of Lord Mansfield, and other judges of the length of time necessary to found a presumption of payment, being 20 about years, .and of cases having been left to the jury where it was but eighteen. To deprive the rule of fixed limits would, besides rendering its application in most cases, difficult and uncertain, change its very nature, and destroy all analogy to the statutes of limitations from which it was derived. *385 If eighteen years be left to the jury as sufficient in one ease, why may not seventeen, or any less number, be left to them as sufficient in another? But the presumption is not subject to the discretion of the jury: they are bound, where it operates at all, to adopt it as satisfactory proof till the contrary be made out; and hence when we hear of less than twenty years being left to the jury, it must be understood to have been in connexion with other circumstances, and not as making out the defendants case in the first instance, but as going for just as much as the jury might under all the circumstances, estimate it to be worth. In the case before us there was not a lapse of time sufficient to authorise a presumption of payment, and as there .was nothing in aid of the time which actually elapsed, I am of opinion the cause was properly put to the'jury.
Judgment affirmed.