## Tilghman *against* Fisher.

Although the presumption of payment of a specialty does not arise in less that twenty years, yet circumstances may be shown to have occurred which, taken in connection with the time that has elapsed, will be sufficient to justify a verdict for the defendant.

Such a presumption should be considered more violent in the case where executors have lain by without having demanded the amount of the specialty, or done any thing showing that in their opinion it was owing.

A deposition should not be rejected because the witness speaks of papers not produced, if it appear that the papers are such as would not probably be preserved for so great a length of time, are not in the possession or in the power of the witness, or the party who offers the deposition.

It is not requisite that the adverse party or any person on his behalf, should attend before the officer taking a deposition, to cross-examine; and if a cross-examination be stated, it is not necessary to state the name of the person who did cross-examine.

In an action upon a bond, to which a presumption of payment arises, it is not competent for the plaintiff to give in evidence an account between himself and the defendant, made by himself at or about the time the bond was given, showing its consideration.

In such action it is competent for the defendant to give in evidence the will of the plaintiff's testator, the inventory of his estate, and the account of the executors, in order to show that no account was taken of the bond, in order to strengthen the presumption of payment from lapse of time.

After an award is made, and filed in court by the arbitrators, it is not competent for the court to alter it upon the affidavits of the arbitrators that they made a mistake in calculating the amount of it.

ERROR to the common pleas of *Dauphin* county.

Eli K. Price, administrator *de bonis non cum testamento annexo* of the Hon. William Tilghman, deceased, against George Fisher, Esq. This was an action of debt on two bonds dated the 26th May 1814, conditioned for the payment of 670 dollars 67 cents on the 1st of April 1816, and the same sum on the 1st of April 1817, and the action was brought on the 24th of June 1837. On the latter bond there was an endorsement in the handwriting of the plaintiff's testator, dated the 27th of June 1817, showing the payment on account of 220 dollars 55 cents.

The defence set up was a presumption of payment from lapse of time, and various circumstances to repel and strengthen that presumption were given in evidence upon objections and exceptions by the plaintiff, all of which are distinctly set out in the opinion of the court.

*Rawn*, for plaintiff in error.
*J. A. Fisher*, for defendant in error.

IX.—2 N

[Tilghman v. Fisher.]

The opinion of the Court was delivered by

KENNEDY, J.—This action, as it appears, was commenced in the court below, by suing out the original writ for that purpose, on the 24th of June 1837, in order to recover the amount of moneys alleged to be due on two bonds, dated the 26th of May 1814, and given by the defendant to the Hon. William Tilghman in his lifetime, each for the payment of 670 dollars and 67 cents: one payable on the 1st of April 1816, and the other on the 1st of April 1817. The execution of the bonds was admitted, but the defendant alleged that he had paid them, and accordingly pleaded payment. It will be perceived, from what has been stated, as to the time at which the action was instituted, and the times at which the bonds respectively became payable, that more than twenty years had elapsed, from the time at which the latter of the two bonds became payable, and the time of commencing this suit. Such a lapse of time, in the absence of repelling evidence, is sufficient, in law, without more, to raise a presumption of payment that would be binding upon both court and jury, so as to entitle the defendant, under the plea of payment, to a verdict and judgment in his favor. But being merely a *presumption* of the defendant's having made payment, it may be rebutted by proof of intervening circumstances, such as a demand of payment, payment of part by the obligor, his admission that the debt is still due, or his inability to pay it within the twenty years. Henderson *v.* Lewis, 9 *Serg. & Rawle,* 383–4; Rex *v.* Stephens, 1 *Burr.* 434; 4 *Burr.* 1962; Forbes *v.* Wale, 1 *Bl. Rep.* 532; Colsell *v.* Budd, 1 *Campb.* 27; 3 *P. Wms.* 287.

And although the presumption does not arise in less than twenty years, yet circumstances may be shown to have occurred, which, taken in connection with the time that has elapsed, will render satisfaction probable, and be sufficient to justify the jury in giving a verdict for the defendant. And the lapse of time, taken in connection with the additional circumstances, when short of twenty years, will have more or less influence in bringing the jury to such a conclusion, as the time within that period happens to be shorter or longer; because all experience on the subject has proved, that almost any creditor may acquiesce in nonpayment for a short space of time, but not for any considerable length; and the longer he does so, the more probable it becomes that he has been paid, or he would not have continued his forbearance or acquiescence; and likewise, because the increased lapse of time increases the difficulty of making positive or direct proof, in general, where it has been made, and so of any other fact in *pais.* The plaintiff in this case, aware of the presumption arising from the lapse of twenty years, gave in evidence with the bonds, an endorsement on the one that became payable first, dated the 27th of June 1817, proved to be in the handwriting of the obligee, giving credit for 220 dollars and 55 cents; likewise a letter from the defendant to the Hon. William Tilghman, dated the 5th of June 1818, acknowledging his

[Tilghman v. Fisher.]

indebtedness to the latter, without stating the nature of the debt, as upon bond or otherwise, and declaring that he might rest satisfied, that out of the first money that came to hand, his debt should be paid.  The endorsement, though made twenty years, wanting only three days, before the commencement of this suit, was doubtless sufficient, if made at the time of its date, to repel the presumption of payment, as regarded the bond at least on which it was entered; but then, being made so near to the beginning of the twenty years before the bringing of this suit, very slight circumstances would be sufficient to do away its repelling effort.  The letter also was evidence, which went to rebut the presumption of payment, though the bonds, in question here, are not mentioned in it; and pretty strong evidence too, as no other debt was shown on the trial to have existed, at that time, between the parties, to which the defendant could be supposed to have a reference.  Still, however, notwithstanding all this rebutting evidence, given on the part of the plaintiff, it was competent for the defendant to give any thing in evidence, which, taken in connection with the. lapse of time, would tend to prove payment of the bonds.  Accordingly, for this purpose, the counsel for the defendant offered to read to the court and jury, the testimony of Kearney Wharton, as contained in his two depositions, taken at different times, which was objected to by the counsel for the plaintiff; First, Because it did not appear that they were taken at the place designated in the notices. Secondly, That it did not appear that Matthias S. Richards, before and by whom the depositions were taken, had any sufficient authority to take the same.  Thirdly, because it was not stated, and did not appear in the depositions, whether any person attended to cross examine on the part of the plaintiff.  Fourthly, that the testimony itself was irrelevant and incompetent, on account of its being a relation of the witness's opinions, and not of facts.  Fifthly, that it was not admissible under the pleadings, without a previous notice, containing a specification of it, had been given to the plaintiff's counsel, according to the rule of court made in that behalf. And sixthly, because the checks and papers, mentioned in the depositions, are not produced.  The court, however, notwithstanding, admitted certain portions of the depositions, to which the plaintiff's counsel excepted; and has assigned his exception in this behalf as the first error here. · Now, as to the first objection, it does not appear to be well founded in fact, for it appears most distinctly that the depositions were taken at the office of Matthias S. Richards, in the borough of Reading, which is the place mentioned in the notices given for that purpose.  The first deposition is undersigned by Matthias S. Richards, as if taken before him; and in the caption of it, he states that Kearney Wharton, the deponent, "appeared before *me* the *undersigned, a justice of the peace,* in and for Berks county, at *my office* in the *said borough.*"  By the words "me, the undersigned, a justice of the peace," must neces-

sarily be understood, Matthias S. Richards, a justice of the peace, he having undersigned his name thereto as such; and by the words "said borough," must be understood the borough of Reading, as it is mentioned in the notice prefixed to the deposition and subjoined to the rule of court authorising the taking of the deposition; so that this deposition is certified to have been taken at *the office of* Matthias S. Richards, a *justice of the peace,* in the *borough of Reading,* on the 9th day of November A. D. 1837, between the hours of nine A. M. and one P. M. of said day, which seems to be in strict conformity to the notice given for that purpose.   And then, as to the second deposition, it is still more full; and in them, Matthias S. Richards, before and by whom both depositions appear to have been taken, states that he was a justice of the peace at the time, which has always been received as *prima facie* evidence, at least, of the person so certifying in such case, being a justice of the peace. There is nothing in the third objection.   It is not requisite that the adverse party, or any person on his behalf, should attend to cross-examine; and if a cross-examination be stated, it is not necessary to state expressly the name of the person who did attend and cross-examine, for, in the absence of any thing to the contrary, it will be presumed to have been done by the adverse party himself.   The fourth objection is not sustained; the circumstances testified to by the witness, so far as they were admitted in evidence, would seem not only to have been relevant, but to have had a pretty powerful bearing in going to show that the defendant at, or shortly after the bonds became payable, had not only the means of paying them, but that he in all probability applied those means to that end.   The fifth objection has nothing in it; for the plea of the defendant being payment, and the facts and circumstances testified to by Wharton, tending to prove payment, were properly admissible under the plea, without any previous specification having been furnished of them by the defendant's counsel to the counsel of the plaintiff. Neither can the sixth objection be sustained; because, if the production of the checks and papers, therein mentioned, could ever have been required on the trial of an action for the same cause for which this action was brought, it could only have been in one brought at a much earlier period, before, from the great lapse of time, there would have been any reason to suppose that they were destroyed.   But it is worthy of observation also, that the checks and papers alluded to, did not belong to the defendant, nor had he the charge or keeping of them, so that he could have produced them at any time when called upon to do so, as occasion might seem to require it.   And further, as it would appear, even those who had the right to the possession of them, ceased, long since, to have any such use for them as would seem to have been sufficient to have induced the preservation of them.   The law, therefore, never requires in such cases, what there is reason to believe could not be complied with.

[Tilghman v. Fisher.]

The second error is also an exception to the opinion of the court, admitting the will of the obligee, the probate thereof, with the letters testamentary to the executors therein named, the inventory made and filed, of the personal estate of the testator by the executors, and their account in regard to the administration thereof, wherein no mention is made of the bonds in suit. Now it would seem as if these matters were evidence, because they went to show that the executors, being in the possession of the bonds, must have had some reason to believe that they were actually paid; otherwise, they would, as it was certainly their duty, have inserted them in the inventory, as part of the personal estate of their testator; and afterwards have used their endeavours to collect the amount of money due on them without any unreasonable delay. Of itself, this evidence, perhaps, would have been of no weight to prove payment, but taken in connection with the other circumstances, of which evidence had been given, we think it was entitled to some consideration, and therefore properly admitted, so that it might go to the jury for what they might think it was worth.

The third error is a bill of exceptions to the opinion of the court, in rejecting evidence offered by the plaintiff. The evidence, mentioned in this bill of exception, appears to have been a statement of an amount made by the obligee in his lifetime, purporting to have been made on the same day with the date of the bonds in suit, showing that they, with others, were given to secure the payment of part of the consideration or price of a tract of land, with which the defendant is charged in the account, as having been sold to him, as early at least, as the 1st of April 1813. Now although a party's own statement may be very good evidence against him, it would be dangerous in the extreme to receive it, when it makes in his favour, and is offered for that purpose, either by himself or his personal representatives. The rule in this respect is too well established to admit of any contest, and the reason of it so perfectly obvious, that it would be considered somewhat strange, if any serious doubt could ever have been entertained in regard to which way it ought to have been settled.

The fourth error is also a bill of exceptions to the opinion of the court rejecting other evidence offered by the plaintiff's counsel. If the evidence, mentioned in this bill of exceptions, could have been fairly considered as having a tendency to disprove, or even to lessen the force of the defendant's evidence, it ought to have been received, but we are unable to perceive the tendency of it to do this; and therefore think that the court was right in rejecting it.

The fifth error is an exception to the answer given by the court to the ninth point submitted by the counsel of the plaintiff. We are unable to discover any error in the answer given by the court to this point. In substance it appears to be a renewal of the objection made, by the same counsel, to the defendant's, giving the evidence mentioned in the second error or bill of exceptions. If the

IX.—2 N*

[Tilghman v. Fisher.]

counsel for the plaintiff entertains the opinion that acquiescence on the part of the executors or administrators, on the nonpayment of a bond given to their testator or intestate, after it has become payable for the space of twenty years, without making a demand of the money mentioned in it, or doing any act whatever tending to show that they claim it, as if it were still unpaid, will not raise a presumption of its having been paid, the same as if their testator or intestate had lived and behaved in the same manner, he is under a great misapprehension. For it would seem to be reasonable, if there be any difference at all in the late cases, that the presumption of payment should be considered rather more violent in the case where executors or administrators have lain by without having made a demand of the money mentioned in the bond, or done any thing showing that, in their opinion, it was owing. Because, to remain still where the money has not been paid, and they have reason to believe it is not, would be a palpable breach of trust on their part. So, unless they believed it was paid, it would be their duty to return the amount of the bond, in the inventory of the personal estate, as forming a portion of it. It is true, however, that a forbearance of this kind, unless continued for twenty years after the bond has fallen due, would not of itself raise any presumption of payment, but when other circumstances are proved, as in this case, tending to render it probable that the debt may have been satisfied, the conduct of the personal representatives of the obligor in lying by, without making any claim upon the bonds, as they did in the present case, went to support the evidence given of the obligor's having received the money due on them himself in his lifetime. The court below were therefore right, as we believe, in answering the plaintiff's ninth point as they did.

The sixth error is an exception to the charge of the court generally, which cannot be noticed, as, under our rule, all matters intended to be relied on for error, must be assigned specially.

The seventh, which is the last error, if sustainable, has never, I apprehend, been considered so by any one before. It would be monstrous indeed, if the court were, upon the application of either party, to undertake to alter the award of arbitrators to what they, at the solicitation of the party, had declared on oath was their intention, so as to make it materially different, by enlarging the amount nearly five hundred dollars from what they had returned in their award. The iniquity that would inevitably result from such a practice, were it to obtain, is too obvious to require it to be stated.

Judgment affirmed.