Peck, J.
The only question mooted in the argument is, whether, in the case made hy the amended bill, the lien of the judgment in favor of Pritchett, can be enforced upon the interest which Anderson had in the lands before partition, after the sale and confirmation ■ thereof in the partition proceedings. The plaintiffs in review insist, that the sale and confirmation divested the lien of the judgment upon the lands, as lands, leaving to the judgment creditor the right, on due application, to have an appropriation of Anderson’s share of the proceeds, to the satisfaction of the j udgment; while the defendant in review insists, that the purchasers at the partition sale took the land subject to the lien of his judgment.
It is to be borne in mind, not only that the petition had been filed and the order of partition issued, before the recovery of the Pritchett judgment, but also that the commissioners had made their return, and a sale of the joint estate had been ordered prior to its rendition.
It was a lien, then, acquired pending the partition proceedings, and after an order for a sale of the judgment debtor’s interest had been pronounced by a court of competent jurisdiction.
The interest of the judgment debtor in the undivided real estate was an interest subordinate to the execution of the order, of which the judgment creditor had constructive if not actual notice, the partition proceedings being still pending and undetermined.
The proceedings in partition were properly commenced —all parties then interested in the land were made parties thereto, and no change in the ownership or beneficial interest occurred until after the order of sale had been. made.
*650 If, pending these proceedings in partition, Anderson had executed a mortgage or granted the whole or a portion of his interest in the joint estate, it would scarcely be claimed ■that the mortgagee or grantee, pendente lite, could arrest proceedings rightfully commenced, or delay a hearing, until the petitioners had made him a party.
If a voluntary pledge or alienation could, in such case, delay or defeat the proceedings in partition, then it would necessarily follow, that such partition could, by the repeated exercise of this power of sale, be permanently frustrated. The 'statute expressly confers upon tenants in common the right to have partition. It is, as it were, a statutory incident to the joint estate. The suit was regularly and properly commenced, and if, in such case, it cannot be proceeded in to final partition, that provision of the statute is, or may be made, nugatory and useless. No one, we apprehend, in view of these consequences, would hold that a co-tenant could, by his own act, thus delay, embarrass or defeat a partition once properly commenced; but the law should, in such case, remit the purchaser to the share set apart to his vendor or mortgagor, if partitioned, (10 John. Rep. 414, 417,) or to his portion of the proceeds, if sold. 2 Penn. Rep. 279. And if this be so, it is difficult to see why a different rule should prevail where the transfer or incumbrance is created by the operation of law. In the case at bar, Pritchett, by his judgment, did not acquire the undivided interest of Anderson, as land; but merely the right to have it appropriated to pay the judgment. This he still had a right to do, and, if vigilant, would have done so by an application to the court, on confirmation of the sale. And this is what equity and good conscience would seem to have required of him.
The defendant in the case in review, invoked the equitable powers of the court to aid him in obtaining satisfaction out of Anderson’s former interest in the joint estate. That interest, by the operation of the statute and its own indivisibility, had been converted into money. The de *651 fendant, as judgment creditor, had the undoubted right, on application to the court having control of the proceeds, to have Anderson’s share applied to the satisfaction of the judgment. The purchasers had bought the land as if wholly unincumbered. As between such purchasers and the judgment creditor, equity would seem to require the creditor to apply for such appropriation, and having failed to do so, the maxim “ he who seeks equity, must do equity,” would forbid us granting him the relief he now seeks against the purchasers.
The cases cited by counsel for defendant in review, to the effect that a partition does not divest a lien, are all cases where the lien was created or arose prior to the institution of the proceedings in partition, and in none of them do the premises appear to have been sold.
We do not undertake to decide what effect a sale in partition would have upon a lien acquired previous to the filing of the petition, on one or more undivided interests —whether the other co-tenants could proceed at law in such case to divide the lands, and in case of sale confer an unincumbered estate on the purchasei’, or whether it would be more prudent to apply in equity for partition, making the prior lienholders parties to the suit.
All we do decide is, that in the case at bar, the judgment having been rendered after the order for sale in partition, the purchasers under that order took the land discharged from the judgment lien, and the judgment credr itor should have had the proceeds of the sale applied, by order of court, to the payment of the judgment.
The decree of the district court is reversed, and the demurrer to the amended bill sustained, and cause remanded for further proceedings.
Swan, C. J., and Brinkerhoi'I', Scott and Sutliit, JJ., concurred.