# 𝕮harlestown.

Sadler's Adm'r *v.* Kennedy's Adm'x.

(Absent, Green, President).

Decided September 10, 1877.

1. A legal presumption of payment of a bond, given for the payment of money, does not arise from mere lapse of time, where the bond has not been due for twenty years, before commencement of suit for the recovery of the sum thereby due and payable. If a shorter period, even a single day less than twenty years, has elapsed, the presumption of satisfaction from mere lapse of time does not arise.

2. While the mere lapse of twenty years, without explanatory circumstances, affords a presumption of law that the debt is paid, even though it be due by specialty, still payment may be inferred by the jury from circumstances, with the lapse of a shorter period of time than twenty years.

3. When an action is brought on a bond, if twenty years elapse between the time of its becoming due and of the institution of the action, the defendant may, without pleading the statute of limitations, rely upon presumption of payment; and upon issue joined or plea of payment, payment may be inferred by the jury from circumstances, coupled with a lapse of a shorter period than twenty years.

4. The courts decide, if evidence is pertinent and proper, before it is submitted to a jury; and if it be impertinent or too remote from the question involved in the issue, will reject it.

5. A case in which certain specified circumstances, standing alone and unconnected with others, were properly rejected as evidence. (See opinion of the Court filed in this cause.)

This was a *supersedeas* allowed upon the petition of the defendant below, to a judgment of the circuit court of the county of Jefferson, rendered on the 3d day of

November 1874, in an action at law then pending in said court, wherein N. S. White, administrator of Leonard Sadler, was plaintiff, and Mary A. Kennedy, administratrix of Andrew Kennedy, was defendant.

The Hon. John Blair Hoge, Judge of the third judicial circuit, rendered the judgment below.

HAYMOND, JUDGE, who delivered the opinion of the Court, sufficiently states the case.

*W. H. Travers,* for plaintiff in error, referred to the following authorities:

*Perkins's adm'r* v. *Hawkins's adm'x,* 9 Gratt. 656; Best on Presumptions 137 (marginal); *Hutsonpiller's adm'r* v. *Stover's adm'r,* 12 Gratt. 588; *Herndon's ex'r* v. *Bartlett's ex'r,* 7 B. Mon.; *Bander* v. *Snyder,* 5 Barb. 72; 3 Starkie Ev. 1090, 1235; Ang. on Lim. §92 §94; Best on Presumption 188; *Hale* v. *Packs' ex'r,* 10 W. Va. 145; Ang. on Lim. 250; *Roseboom* v. *Billington,* 17 Johns. 181; 7 Wend. 408; 2 Rob. Pr., (old) 114; 1 Rob. Pr., 461; *Dabney's ex'r* v. *Dabney's adm'r,* 2 Rob. R. 624.

*White & Trapnell,* for defendant in error:

1st. Doctrine at common law is, that payment should be presumed when twenty years had elapsed after right of action accrued, and before suit brought, and no demand proved, or good cause shown for so long forbearance. 1 Rob. Pr. (new) 46, and cases cited; 7 Barb. 275.

Evidence to strengthen the presumption of payment has been admitted in some cases, where less than twenty years had elapsed, but only where the presumption was fortified by other circumstances, tending themselves to induce the belief of payment, 7 Bac. Abr. 275, note (*a*) to Am. ed., 1860; *Perkins* v. *Hawkins,* 9 Gratt. 656; *Bander* v. *Snyder,* 5 Barb. 63; contra *Herndon* v. *Bartlett,* 7 Mon. (Ky.) 454; *Pitzer* v. *Burns,* 7 W. Va. 63.

2d. The rule at common law, only a presumption of payment after the lapse of time without explanatory cir-

cumstances, 2 Green. Ev. §528; and this presumption might be repelled in a variety of ways, e. g., verbal acknowledgment; proof of debtor's inability to pay; possession of ample means by creditor, or circumstances explaining why an earlier demand was not made, &c. 1 Rob. Pr. (new) 462. 2 Parsons on Con. 341. Statute of limitations makes lapse of time alone a perfect defense, thus relieving the courts, as far as possible, from the exercise of any discretion in the matter. Hence courts are not at liberty to presume payment from lapse of time in any period less than that fixed by the statute. *Grafton Bank* v. *Doe*, 19 Ver. 463; *Thomas* v. *Hurmicuth*, 54 (Ga.) 337; 4 Rich. (S. C.) Law R. 203; *Spruill* v. *Davenport*, 5 Ired. 663; Ang. on Lim. §94.

3d. The period during the war should not be considered as part of the time, the lapse of which gives rise to the presumption. *Dunlap & Co.* v. *Ball*, 2 Cranch. 180; 1 Rob. Prac. (new) 461; *Rose's adm'r* v. *Jones*, 22 Wal. 576; *Pitzer* v. *Burns*, 7 W. Va. 63; *Hale* v. *Pack's ex'r*, 10 W. Va.

4th. The endorsements of payments on the bond made while obligation in full force, are sufficient to repel the presumption of payment; and hence only the time elapsed since the date of the last payment may be considered, 7 Bac. Abr., Am. ed. of 1860, 275; note (a) *ibid.* 276; *Bander* v. *Snyder*, 5 Barb. 63; Ang. on Lim., §241, 242.

HAYMOND, JUDGE, delivered the opinion of the Court:

This is an action of debt, brought by N. S. White, administrator of Leonard Sadler, deceased, (plaintiff) against Mary A. Kennedy, administratrix of Andrew Kennedy, deceased, in the circuit court of Jefferson county. The action seems to have been commenced on the 23d of June 1868, and is brought to recover the sum of $1,052.85 with interest from the 17th day of December 1849, the amount of a single bill made by said Andrew Kennedy and Phillip P. Dandridge in the lifetime of the said Andrew Kennedy, dated the said 17th

day of December 1849, to said Leonard Sadler, payable twelve months after date with interest from date. The single bill is joint and several. The defendant Mary A. Kennedy having died on the 10th day of April 1874, by consent of parties the cause was revived against Anthony Kennedy, administrator *de bonis non* of said Andrew Kennedy, deceased. Afterwards, on the 2d day of November 1874, the parties appeared in court, and the defendant pleaded payment and the plaintiff replied generally, and issue was joined and thereupon a jury was sworn to try the issue joined. The jury found for the plaintiff, $2,037.35 with interest from the day they rendered their verdict, which was on the 3d day of November 1874. The court at the last named date rendered judgment upon the verdict of the jury for the amount thereof with interest as aforesaid, and the plaintiff's costs of suit, to be paid out of the personal estate of the defendant, in, or which shall come to, the hands of the defendant. On the trial of the cause the defendant, excepted to an opinion of the court, and his bill of exceptions to such opinion was duly signed, sealed and enrolled and made a part of the record. By the bill of exceptions it appears, "that the plaintiff gives in evidence" the bond sued on in this case in these words and figures:

$1,052.85.

Twelve months after date, we or either of us, bind ourselves, our heirs, &c., to pay to Leonard Sadler, his heirs, assigns, executors or administrators, one thousand and fifty-two dollars and eighty-five cents ($1,052.85) for value received, with interest from date.

Witness our hands and seals this 17th day of December 1849.

PHILLIP DANDRIDGE,    [Seal.]
ANDREW KENNEDY,      [Seal.]

And the endorsements thereon in these words and figures: "By cash on the within bond, $105.28, this 17th day of August 1851. Joseph M. Cromwell, for

Jane E. Cromwell." "Interest paid to 17th of August 1853;" "interest paid to the 17th of August 1854;" "interest paid to 28th of March 1859;" and then closed his evidence.

And thereupon the defendant, with the view of strengthening the presumption of payment from lapse of time, as stated in the bill of exceptions, "introduced a witness to prove that since said bond became due on December 17, 1850, Andrew Kennedy, the obligor in the bond up to the time of his death, lived within a mile of Leonard Sadler in this county; that he had a large estate, his personalty alone being worth $20,000.00, and that he paid his debts always promptly; that no demand had been made for the payment of the money represented by said bond, till the institution of this suit; and other circumstances tending to raise or strengthen the presumption of payment from lapse of time." But the court, on motion of the plaintiff's counsel, excluded said testimony, ruling that such testimony was inadmissible.

I do not understand from the bill of exceptions, that the defendant introduced a witness, who stated upon oath the matters set forth in said bill of exceptions, and that the court excluded his evidence; but that the defendant introduced a witness, with the view or expectation of proving by him the facts stated in said bill of exceptions, and "other circumstances" tending to raise or strengthen the presumption of payment from lapse of time, without stating to the court, what these "other circumstances" were; and that the defendant objected to the introduction of the evidence. I do not understand from legal authority that a legal presumption of payment arises or is authorized in case of a bond by reason of mere lapse of time where the bond has not been due for at least twenty years before the commencement of the action in which its recovery is sought. A learned writer has said that presumptions are of two kinds, *legal and artificial,* and *natural.* "The former derive from the law a technical or artificial operation and effect, beyond their natural tendency to produce

1877.
August Term.

Sadler's adm'r
v.
Kennedy's
adm'x.

belief. The latter acts merely by virtue of their own natural efficacy. 3 Stark. Ev. 1235. The writer then illustrates by the case of a bond, which has been suffered to stand for twenty years, or upwards without payment of interest, or other acknowledgment of its existence. In such a case satisfaction of the bond is a legal presumption. But if a shorter period, even a single day less than twenty years has elapsed, the presumption of satisfaction from mere lapse of time does not arise, though in the latter case it may be inferred, where other circumstances render it probable. *Hutsonpiller's adm'r* v. *Stover's adm'r*, 12th Gratt. 588. It is to be observed however, that the lapse of twenty years is not in itself a legal bar, but only a circumstance, on which the presumption is founded. The plaintiff may not only repel the presumption, by proving an acknowledgment of the debt within the twenty years, or a demand of the same by him within that time, but he may repel it by circumstances, explaining satisfactorily why a demand of the same has not sooner been made. The presumption is unlike a statutory bar in another respect; when the statute begins to run, it will continue ordinarily, notwithstanding a subsequent disability occurs. But when the question is, whether a debt shall be presumed to be paid, and it appears that for a portion of the time, the plaintiff. was disabled to sue, that portion of the time will be deducted. *Oswald* v. *Leigh*, 1 T. R. 370 ; *Bailey* v. *Jackson*, 16 Johns. R. 210 ; *Jackson* v. *Pierce*, 10th Johns.R. 414 ; *Perkins's, adm'r* v. *Hawkins, adm'r*, 9th Gratt. 656 ; 1 Robinson's Pr. (new) 161, ch. 85. But while the mere lapse of twenty-one years, without explanatory circumstances affords a presumption of law that the debt is paid, even though it be done by specialty, still payment may be inferred by the jury from circumstances, coupled with the lapse of a shorter period of time than twenty years. *Perkins's adm'r* v. *Hawkins's adm'r* 9th Grat. 656 ; Best on Presumptions, §137 ; *Bander* v. *Snyder*, 5 Barb. (N. Y.) 632 ; Greenleaf on Ev. §528 ; 7

S. & R. 410; *Pitzer adm'r* v. *Burns,* 7th W. Va. 63. When an action is brought on a bond if twenty years elapse between the time of its becoming due and of the institution of the action, the defendant may (without pleading the statute of limitations) rely upon presumption of payment, and upon issue joined on plea of payment, payment may be inferred by the jury, from circumstances coupled with the lapse of a shorter period than twenty years. *Perkins's adm'r* v. *Hawkins's adm'r,* 9 Gratt. 656; *Wells* v. *Washington's adm'r,* 6 Munf. 532; *Tomlinson's adm'r* v. *How's adm'r,* Gilm. 8; *Hunt* v. *Bridgham, &c.,* 2 Pick. 581; *Jackson* v. *Pierce,* 10 Johns. 414; *Telghman* v. *Freiher,* 9 Watts 442. An endorsement on a bond for payment on account of the principal or interest, written by the obligee, without the privity of the debtor, will not be sufficient evidence of an acknowledgment, that the bond was then due, so as to repel the presumption of payment, unless it be proved by other evidence than the endorsement itself, that the same was written at a time, when its operation was against the interest of the party making it; that is to say before the presumption of payment attached. *Roseboom* v. *Billington,* 17 Johns. 182; *Rose* v. *Bryant* 2 Camp. 321; *Dabney's ex'ors* v. *Dabney's adm'r,* 2 Rob. (Va.) R. 622. In the last named case it was held, that an endorsement of a credit on a bond made by the obligee, within the period that raises the legal presumption of payment, is evidence for him, for the purpose of repelling that presumption. In that case the endorsements on the bond were proven to have been made by the obligee; but there was no evidence tending to show that the payments were actually made, other than the endorsements, nor at what time the endorsements were in fact made by the obligee; but the evidence showed, that the obligee in fact died about thirteen years after the time the bond was due. In the case at bar the bond sued on was due on the 17th day of December 1850 and, the suit being brought the 23d of June 1868,

about seventeen years and six months had elapsed between the time the bond was due, and the commencement of the suit. But Judge Moncure in the case of *Perkins's adm'r* v. *Hawkins's adm'r*, 9 Gratt. 656, in delivering the opinion of the court, says : "But payment may be inferred by the jury from circumstances, coupled with the lapse of a shorter period than twenty years. * * And therefore on the trial of an issue, made upon the plea of payment, evidence tending to show, on the one hand that the creditor was in want of money, and on the other that the debtor had the means of payment, when the debt become due and afterwards, is admissible evidence, to be weighed by the jury with the other evidence in the case. Accordingly evidence was given without objection in this case, tending to show, that John Perkins was doing an extensive business requiring all his means, and needed all the money he could get to carry it on ; and that Hawkins " was a man of considerable property, small family, (one child only,) industrious and economical, made large crops, (from one to two thousand bushels of wheat), and could have paid a debt of $1,000.00 or $2,000.00 in a year. The deed in question tended to show, not only that Hawkins had ample means to pay the debt after it became due, and before the first suit was brought, but that during that period $3,205.00 of his money, a sum greatly exceeding the amount of the debt, was actually in the hands of Benjamin Perkins, one of the administrators of John, from which and the other circumstances of the case the jury might have inferred, that the debt was either paid out of that money, or was not because it had been previously paid." In this case more than thirty-one years elapsed after the debt became due and before the institution of the suit, which was taken to the court of Appeals of Virginia. But two other suits had been previously brought, between the time the bond in suit became due, and the commencement of the last suit, in each of which, after they had pended for a considerable time, non-suits were suffered in court by the plaintiff for

some cause not explained, and it was claimed by the plaintiff that the prosecution of the first and second suits were sufficient explanatory circumstances, to repel the legal presumption of payment. At the commencement of the action at bar, twenty years had not elapsed between the commencement of the action and the time the debt become due, and therefore, as we have seen, the legal presumption of payment from mere lapse of time does not arise. It will be observed that the defendant, in offering to prove the circumstances stated in his bill of exceptions, sought to rely for his defense upon circumstances not as distinct and substantive evidence, but merely to eke out a lapse of time inadequate in itself to raise the presumption of payment; the whole to constitute a substitute for the complete legal presumption presented by the lapse of twenty years. At the trial before the jury it appears, as we have seen, that not only the bond in suit, but also the endorsements thereon, which are credits, the last of which is for interest on the debt up to the 28th day of March 1859, less than ten years before the commencement of this action, were given in evidence to the jury, and the defendant made no objection to the giving in evidence to the jury of said endorsed credits of any description, but suffered and permitted them to go in evidence in the cause before the jury without objections. The defendant must therefore be considered in this court, to have waived objections thereto, which he might have made in the court below. At the time the defendant offered the evidence rejected by the court, all the plaintiff's evidence was before the jury, including said endorsed credits. Each credit endorsed is dated, as well also is the amount of each credit stated with sufficient certainty. In this state of the case the defendant offered to give evidence to the jury of the circumstances, stated in his bill of exceptions. The courts now very properly decide, how far the evidence is pertinent and proper, before it is submitted to a jury; and if it be inconclusive and impertinent, it is rejected,

1877.
August Term.

Sadler's adm'r
v.
Kennedy's
adm'x.

lest it might produce an improper bias in the minds of the jury. Opinion of the court in *Roseboom* v. *Billington*, 17 Johns. R. 187. It will be readily seen, that the circumstances stated in the defendant's bill of exceptions, which he offered to prove by a witness, are not the same, or equivalent thereto, as those proven in the case in 9 Gratt.; and the circumstances and condition of the case in 9 Gratt., under which the circumstances there stated were allowed to go in evidence, to be considered with the other evidence in the cause, were and are materially different from the circumstances and condition of the case at bar, when the defendant offered the rejected evidence. The circumstances, specified in the bill of exceptions, are in their nature collateral to the issue in the cause, standing alone, unconnected with other circumstances or facts more conclusive or pertinent, and are too remote from the issue to be received as evidence, in the absence of other circumstances or facts, which together with them might, in connection with the time elapsed at the commencement of the suit, reasonably justify the inference or presumption of the payment of the debt demanded. The circumstances specified in the bill of exceptions are, in and of themselves, so remote from the matters involved in the issue, that standing alone or connected with the time elapsed in this case, in the condition the case is before us, they ought not to have been admitted as evidence in the court below. See opinion of the Court in *Hunter* v. *Snyder's ex'or, infra*, decided at this term of this Court.

If the defendant meant to introduce evidence, to prove other circumstances, tending " to raise or strengthen the presumption of payment. from lapse of time, in connection with those specified, or offered to do so, those other circumstances should have been specified, and stated in the bill of exceptions, so that this Court could see what these circumstances were, and thereby be enabled to judge correctly, whether those other circumstances were relevant and in connection with the circumstances specified

in the bill of exceptions, and should have been permitted to go to the jury, or whether the whole or any part thereof should have been allowed to be proven before the jury.

The "other circumstances," not specified in the bill of exceptions, not being stated, this Court is not authorized to declare that the court erred in rejecting them; nor can this Court determine, that said other circumstances, not specified, were such as to have authorized the admission of evidence, proving or tending to prove the circumstances specified in the bill of exceptions.

For the foregoing reasons it seems to me, that this Court is not authorized, from anything disclosed by the record, to determine that the circuit court erred in its judgment. rendered in this cause upon the verdict of the jury, on the 3d day of November 1874. Said judgment must therefore be affirmed, and the defendant in error recover against the plaintiff in error, his costs and damages according to law, to be levied of the assets unadministered, which have, or may come into the hands of the plaintiff in error, to be administered, as administrator *de bonis non* of Andrew Kennedy, deceased.

JUDGMENT AFFIRMED.