Nott, J.,
delivered the opinion of the court:
It appears from the papers read on this motion that James Broadus was an ensign in the Second Yirginia State Regiment in the war of the Bevolution, and that James G-. Broadus was his son and one of his heirs-at-law. On the 8th January, 1850, he presented his petition to Congress, on behalf of himself and the other heirs, x-raying that they might receive the commutation of half pay which they alleged had been justly due to Ensign Broadus, but which had never been received by him. On the 22d January, 1859, the claim was referred by the House of Representatives to this court, and with it were transmitted the petition and such proofs and x>apers as the jpetitioners had filed in Congress.
This reference ai>pears to have been unknown to the i>etitioner, and the matter slept until the 13th January, 1864, when the ease was dismissed for non-prosecution. At that time the war of the rebellion was flagrant, and the petitioner and all of the parties in interest were residing in Yirginia and within the enemy’s lines.
In April, 1865, James C. Broadus died, and his coheirs remained apparently in ignorance of the reference by Congress to this court and of the judgment of non pros, until a recent day. When these proceedings were discovered, they procured the appointment of an administrator de bonis non of the estate of Ensign Broadus, and he now moves to vacate the judgment of nonpros.
It is manifest, on the one hand, that Congress could have given relief to the heirs of Ensign Broadus without the intervention of an administration, and, on the other, that the heirs could not maintain an action in this court. It is likewise manifest that the reference of such a claim to this court was no mistake of the parties in interest, and that a claim so referred should not be dismissed upon the technical ground that it was not presented *467 to Congress by tbe administrator instead of the heirs. In such a case entire liberality of amendment should prevail, and the legal representative of the estate should be brought in as party-claimant. We must therefore consider the administrator de bonis non as having a right to appear as fully as if he had been the original petitioner to Congress, or the original party claimant in this court.
The administrator now appears and moves to vacate and set aside thejudgment of nonpros, rendered in January, 1864. The motion was rested at the argument on the ground of the parties’ ignorance, and was resisted upon the ground of their laches. Without considering these questions, the court has reached the conclusion that thejudgment must be set áside for other reasons.
Jurisdiction is two-fold in its nature, relating both to the subject-matter of the action and the person of the parties. The former, so far as the inferior courts of the United States are com cerned, is necessarily dependent upon legislation; the latter upon the appearance of the party in court, either voluntarily or by his being actually or constructively brought in by process or notice. The simple reference of a claim to this court by Congress or by either of the houses of Congress under the statute (Rev. Stat., § 1060) may or may not confer jurisdiction of the .subject-matter or cause of action under § 1059, which provides that this court “ shall have jurisdiction to hear and determine,” among others, “all claims which may be referred to it by either house of Congress: ” but the question involved in the present motion is whether such a reference confers jurisdiction of the person of the claimant. When his petition to Congress is transmitted to this court by either house, can the court deal with him and his case as with a claimant who has voluntarily appeared and submitted himself and his case to the jurisdiction and rules of the court 7
On the one hand, it may be said that a man by preferring his petition to Congress submits to the statutory condition that his claim may be disposed of by a reference of it to this court, and that he is chargeable with notice of the disposition which either house may make of it. This view is fortified by the provision of § 1069, w-liich treats the transmission of a claim by one of the, houses of Congress as the commencement of the action in stopping the running of the statute of limitations.
On the other hand, it may be said that the resolution of a single house is not like a statute, a thing whereof every one is *468 chargeable with knowledge; that such resolutions are not published like statutes, nor made public in the newspapers; that, practically, a claimant at a distance may remain, like the claimant in this suit, in complete ignorance of the fact that his claim has been so transmitted, and that it is contrary, and, indeed, abhorrent to our principles of jurisprudence that a man’s suit shall be in any way disposed of until he has had an actual and not a merely theoretical or constructive opportunity to appear and assert his legal rights. It may also be said that dismissing a claim referred by Congress before the party has appeared, or before an obligation has been laid upon him to appear, is in one sense excluding Congress from the court. The purpose of such a reference is to relieve Congress by securing an investigation and determination of a claim upon its merits, or of at least placing the claimant in such a position upon the record that he will be morally, if not legally, concluded from again troubling Congress with a matter which he might have had investigated and determined here.
It is a singular fact that, notwithstanding this provision of the Bevised Statutes was in the original Court of Claims Act, 1855 (10 Stat. L., 612, § 1), and notwithstanding that a great mass of claims was referred here immediately after the organization of the court, this question has never arisen before. In some instances the parties appeared and filed new petitions; in others, the cases went to trial on the original petition to Congress; but the practice was, where a party did not come into court, to send him notice before taking action. In this case there appears on the docket a memorandum that the petitioner’s residence was unknown. It therefore presents very clearly the question whether the mere reference of the petition by the House of Representatives gave to. the court jurisdiction of the person of the claimant.
But a somewhat similar question once arose under another provision of the Bevised Statutes (§ 1063). The Secretary of War transmitted to this court a'case where two adverse parties claimed the rent of premises occupied by the go vernmen t. There was no question but that the rent was due; but if the Secretary were to pay one, the other would immediately bring his action, .and the government might be liable to pay over again. When the case reached this court one of the contesting parties came in and filed his petition, but the other neglected to appear. The same embarrassment then arose here that had occasioned *469 the reference of tbe claim. If the one party proceeded he would recover judgment, and, after it was satisfied, the other might appear and seek to recover over the same rent. Would the mere reference of the claim by the Secretary give the court jurisdiction of the person so that a judgment could be rendered against him which would be a bar to a future action, or should he be brought in by a citation in the nature of process %
After mature deliberation, it was determined that a citation was necessary, and one was accordingly issued and served. The parties appeared, but only for the purpose of contesting the jurisdiction, and it was ultimately held that by the reference of the claim to the court and the service of its citation upon them jurisdiction was acquired. (Bright & Hutchings’ Case (8 C. Cls. R., 118.)
In conformity with this decision, and for the reasons before stated, we are of the opinion that where a claim is referred by one of the houses of Oongres, the court does not thereby acquire jurisdiction of the person of the claimant, and that before a claim so referred can be dismissed it is necessary that the claimant appear or be cited to come in and prosecute his case.
The order of the court is that the judgment dismissing the case for non-prosecution on the 13th January, 1864, be vacated and set aside.