Drake, Oh. J.,
delivered the opinion of the court:
The claimant filed in this court a petition, the material portions of which are as follows:
“The claimant, Alice Y. Daily, respectfully shows to this honorable court that heretofore, to wit, on the 31st day of July, in the year 1864, at Washington, in the District of Columbia, she was married to Cornelius Daily, and remained his wife up to the time of his death, as hereinafter set forth, an disnow his widow, and has never remarried; that after their said marriage, to wit, on the 11th day of June, in the year 1868, the said Cornelius Daily, while a private soldier in the Regular Army of the United States, and while engaged in clerical duty in the War Department, in Washington, and while in the general service, to which duty and service he had been assigned by order of the Secretary of War, contracted a certain dangerous disease known as the phthisis pulmonalis; that said disease was caused by exposure to the dampness of the walls of the building situated in Seventeenth street northwest, just below G-street, in the city of Washington, and known as the old War Department building, in which said Daily was employed by order, as aforesaid, of the Secretary of War; that said disease was contracted in the service of the United States and in the lin e of duty, as aforesaid; that the said disease, from the time it was contracted as aforesaid, grew worse, and for some time before the death of said Cornelius Daily totally disabled him from all manual labor; and subsequently, to wit, on the 3d day of August, 1880, at Washington aforesaid, the said Cornelius Daily died by reason of the disease aforesaid, contracted by him in the service of the United States and in the line of duty, leaving surviving him the following children and no others: Ida M. Daily, born May 7th, 1865, who became sixteen years of age on the 7th day of May, 1881, and is still living; and Cornelius T. Daily, born February 26th, 1867, who is still living, but has not yet attained the age of sixteen years; that said children are the children of said Cornelius Daily and the claimant, and are the only fruit of their said marriage with the exception of another child, who died before the death of said Cornelius Daily; * * * and that the claimant has applied to the Commissioner of Pensions for payment of this claim, but he rejected the claim on the ground, as stated by him, ‘ that the fatal disease was not contracted while in the military service of the United States. It was contracted while in general service, U. S. A., and on duty as clerk in War Department.’ ”
*147 Upon the facts as thus stated the claimant demands judgment against the defendants, as follows:
From August 3,1880, to September 4,1881,1 year and 1 month, at $8 a month, under sec. 4702, Revised Statutes.$104 00
From August 3,1880, to May 7, 1881, 9 months and 4 days, at $2 a month, on account of child Ida M. Daily, under sec. 4703, Revised Statues. 18 25
From August 3,1880, to' Septemper 4, 1881, 1 year and 1 month, at $2 a month, on account of child Cornelius T. Daily, under sec. 4703, Revised Statutes . 26 00
Total . 148 25
To this petition the counsel for the government filed a general demurrer; but we cannot consider it, because the petition discloses no cause of action of which this court has authority to take jurisdiction.
The claimant seeks to establish by the judgment of this court her right to a pension, on the ground that her husband died of a disease contracted while be was in the service of the United States as a private soldier. She avers that she “ applied to the Commissioner of Pensions for payment of this claim, but he rejected it.”
In quite a number of cases we have refused to take jurisdiction of suits proceeding upon inchoate rights, which, however meritorious as such, yet needed some definite action on the part of some executive department or officer, to give the party a vested right upon which a judgment of this court could be based. Those cases are referred to in the opinion of the court in Bank of Greencastle’s Case (15 O. Cls. R., 225), .and it is not necessary to go over them again here. Among them, however, is one, Campbell’s Case (12 C. Cls. R., 470), which lays down a rule so peculiarly applicable here, that we select it as decisive.
In that case the claimant sued for a drawback on exported merchandise, wholly manufactured of materials imported, on which duty had been paid; his right to which, under the statute, depended on his doing certain things prescribed by the Treasury regulations, and on a certificate to be granted by certain officers .showing him entitled to the drawback. The exporter desired and offered to do all things required by the regu *148 lations to establish his right to the drawback; but the collector of the port, acting under instructions from the Secretary of the Treasury, refused to perform any act required by the regulations ; and the exporter then sued in this court to recover the drawback. We dismissed his petition for want of jurisdiction, on the following among other grounds:
1. “ The drawback was a mere gratuity proffered by the government, imposing no legal obligation upon the government until the exporter’s right thereto should be ascertained and established in the manner prescribed by law.
2. “ The ascertainment and establishment of that right was intrusted by law and regulations to certain executive officers, and not to the judiciary.
3. “If those officers, for whatever reason, have refused or failed to act in the premises, that confers no authority upon this court to exercise functions delegated to them, and declare a right in the claimants which the law and regulations require to be declared by those officers in a prescribed way, and do not authorize to be declared by any other officers, or in any other way.”
We adhere to these positions. Substitute pension for “ drawback” in the first line of them, and they cover this case completely. Without laboring through the pension laws to show the fact, nothing can be clearer, or better known to everybody having ordinary knowledge of those laws, than that the whole matter of ascertaining, determining, and certifying who is lawfully entitled to the gratuity authorized to be bestowed on account of military service is confided to certain executive officers, and nowhere to the judiciary, bio right to a pension is fixed until those officers declare it so. If they decide against the right, there is no appeal from that decision, except to Congress.
The claimant’s petition must therefore be dismissed for want of jurisdiction.