Scofield, J.,
delivered the opinion of the court:
This case was heard upon demurrer, and the facts are admitted as stated in the petition.
Ward B. Burnett, the claimant’s husband, was a colonel of volunteers in the war with Mexico. He received a wound m the service, from the effect of which he died June 24,1884. At the time of his death-he was receiving a pension, under the Act June 16,1880 (21 Stat., 281), and preceding’ acts, at the rate of $72 a month. The claimant made application for the widow’s pension, and the same was allowed by the Commissioner of Pensions at the rate of $30 a month. She claimed that it should be $72 a month, and brought the case before the Secretary of the Interior. By him it was transmitted to this court, under section 1063, Revised Statutes.
Primarily the claimant’s right to a pension is derived from section 4731, Revised Statutes; but by the last paragraph,of that section, and by section 4712, it is secondarily derived from section 4702. We may therefore begin the inquiry by an examination of the latter section. It provides as follows:
“ If any person, embraced within the provisions of sections 4692 and 4693, * * * hereafter dies by reason of any wound, injury, or disease which under the conditions and limitations of such sections would have entitled him to an invalid pension had he been disabled, his widow * * * shall be entitled to receive the same pension as the husband would have been entitled to, had he been totally disabled.”
*192 The first requirement of this section is that the husband should have been disabled by reason of wounds, injury, or disease in the war, and died in consequence thereof. At this point of the inquiry the degree of disability need not be considered. It is enough that he died in consequence of it, whatever it might be. Thereupon the widow becomes entitled to a pension, not necessarily at the same rate that he was entitled to, but the rate he would have been entitled to if his claim were founded upon what in the pension law is technically called “ total disability.” The degree of disability by which his pension was rated makes no difference with the widow’s right. Pensioners are entitled to very unequal rates, according to their respective degrees of disability. After death all degrees of disability, irrespective of the real facts, are considered by the law as one and the same, to wit, “ total disability” (technically so called), and the rate of pension given to that grade becomes the rate of pension for the widow.
What, then, in the pension laws, is meant by “total disability,” and what is the rate of i>ension provided for it?
Section 4692 divides disability into three classes: 1. Total disability. 2. Permanent specific disability. 3. Inferior disability. The rate of pension provided for the first class, the ouly one involved in this suit, is found in section 4695, and is as follows:
“The pension for total disability shall be as follows, namely, for lieutenant-colonel and all oflioers of higher rank in the military sen-ice, * * * thirty dollars per month.”
The rate of pensioner “ total disability” is here fixed at $30 a month. Higher rates are allowed on account of “ permanent specific disability” in sections 4697 and 4698, since increased by the Acts June 18, 1874 (18 Stat. L., 78), and June 16, 1880 (21 Stat., 281), to $72 a month ,• but, as they do not concern this case, it is unoecessarf to consider them.
The question in the case does not depend upon the construction of doubtful statutes. The law, although somewhat involved and intricate, is found upon a careful examination to be clear and positive.
The purpose of Congress in making the pensions of widows equal in amount, regardless of the degree of disability from which their husbands died, is also apparent. The pensions to living soldiers are graded according to their respective inca *193 pacity to perform manual labor. When the disability is total, $30 a month is given as an equivalent. When the disability is less than total, a smaller sum is granted, which, with the partial earnings of the pensioner, is intended to be equal to $30 a month. . When the disability is not only total, but involves such helplessness as to require the constant attendance of another person, enough more is added to pay for such attendance. The means of support of the three classes are thus intended to be equalized. When death ensues, the financial loss to the family is the same in each case. In the case of “ permanent specific disability ” the pay of an attendant is no longer required, and in the case of “inferior disability” the small earnings of the pensioner no longer accumulate. A pension of $30 a month, the supposed equivalent for total disability, is therefore granted to the widow in each class of cases.
The demurrer is sustained, and the claimant is allowed two weeks in which to amend her petition, if so desired.