Scoeield, J.,
delivered the opinion of the court:
The history of the case is as follows :
The suit was brought to recover certain internal-revenue taxes, amounting to $10,234.08, alleged to have been assessed illegally and paid under compulsion.
Application for a refund of these taxes had been previously made to the Commissioner of Internal Revenue, and the application rejected April 2, 1872.
Thereafter the claimants applied to Congress for relief, and thence, by a resolution of the House, passed August 5, 1882, the claim was referred to this court under section 1059 of the Revised Statutes.
The defendants not only denied the right of the claimants to recover their demand but presented a counter-claim for a much larger amount.
The case was tried at the last term of court and judgment rendered in favor of the defendants for $53,395.32. This result was obtained by allowing to the claimants $10,234.08, and to the defendants the sum of $63,629.04. (20 C. Cls. R., 241.)
Thereafter, upon application of the claimants, a new trial was granted.
*294 The claimants now move to dismiss the ease for want of jurisdiction.
The question of jurisdiction was not raised in'the pleadings nor upon the trial, and is now for the first time brought to the attention of the court. It does not, however, come too late, for objection to the jurisdiction may be raised at any stage of the proceedings. (Boom v. Patterson, 98 U. S. R., 406; Grace v. American Central Insurance Company, 109 id., 278; Mansfield, &c., Railway Company v. Swan, 111 id., 379.)
Had the suit been begun by the voluntary petition of the claimants, the court would have been without jurisdiction, for the reason that by section 3220 of the Revised Statutes the power of allowing refunds of taxes in such cases is exclusively conferred upon the Commissioner of Internal Revenue. This court has no power to review his action and allow claims which he has rejected, although we may entertain suits to enforce his allowances. (Kaufman’s Case, 11 C. Cls. R., 659, affirmed 96 U. S. R., 568; Bank of Greencastle, 15 id., 225; Daily’s Case, 17 id., 144; Sybrant’s Case, 19 id., 461; Harrison’s Case, 20 id., 122.)
But if, notwithstanding this objection, it should be held that the court had jurisdiction of the case, it would still fall under the limitation of section 1069 of the Revised Statutes, for more than ten years had elapsed after the claim was rejected by the Commissioner before it was presented here.
It was, however, assumed without argument or much consideration, though with apparent good reason, that these restrictions upon the jurisdiction of the court applied only to cases voluntarily commenced, and not to cases referred by either House of Congress. The question arose upon the construction of section 1059 of the rRevised Statutes, which provides that the Court of Claims shall have jurisdiction to hear and determine the following matters : “ First, all claims founded upon auy law of Congress, or upon any regulation of an Executive Department, or upon any contract, expressed or implied, with the Government of the United States, and all claims which may be referred to it by either House of Congress.”
Subsequently in the case of Webb & Co., for the use of Ford (20 C. Cls. R., 487), this question of jurisdiction was raised'and discussed by counsel. The court, upon a careful consideration of the case, arrived at the conclusion that the reference of a case by one House did not enlarge the jurisdiction of the court. *295 In support of this conclusion an elaborate opinion was read by the chief justice, from which we make the following extract:
“The claimants contend that the reference conferring jurisdiction upon the court admits a cause of action, or admits that the United States are liable, if the facts be proved as alleged. We cannot concur in this view.
“The conferring of jurisdiction admits nothing except the consent of the United States tobe sued.. It creates no new cause of action, and no legal right against the Government except that of making them defendants in a judicial tribunal.
“ The United States are liable in the first three classes of cases mentioned in the first paragraph of section 1059 of the Bevised Statutes, above cited, not because jurisdiction is thereby conferred on this court to hear and determine such cases, but because the Government has always been liable in such cases. No government, so far as we know, denies its liabilities on its own contracts, and the United States, like other governments; have an elaborate system of accounting and provision for paying claims in such cases through the Executive Departments. That system not being adequate in controverted cases, in the opinion of Congress, jurisdiction is conferred upon this court to hear and determine such cases as the claimants see fit to bring here; but no legal rights on the merits which did not exist before are created thereby.
“ Parties are permitted voluntarily to come here to have their legal rights determined, and so, under the last clause of the paragraph, they may be sent here by either House of Congress to have their legal rights judicially determined, but clothed with no additional and no admitted rights.
“ This was the view taken of the reference by one House of Congress within the first year of the existence of the court. In an opinion delivered February 5, 1856, by that able jurist, Chief Justice Gilchrist, of New Hampshire, the first presiding justice of this court, he said:
“ ‘ The case does not present a claim founded upon any law of Congress or any regulation of an Executive Department, or upon any contract, express or implied, with the Government of the United States. It comes before us by a resolution of the House. Our construction of the act constituting this court is that we have no authority to determine that a party has a legal claim against the United States unless it comes within one of the clauses specified, or is founded on a legal right. In the pres-sent case our opinion as to the case is that the claimant has no legal cause of action against the United States.’
“ Tliat language is as applicable now as it was at that time.”
The case was appealed to the Supreme Court and affirmed. (Ford v. The United States, 116 U. S. R., 213.)
*296 In that case the Supreme Court says:
“ The argument here is that these statutory provisions are suspended in their operation as to every claim belonging to either of these classes which one branch of Congress chooses to refer to the Court of Claims. Any such interpretation must be rejected. It is unreasonable to suppose that Congress intended to invest one of its branches with authority to suspend a general statute of limitation. Every claim cognizable by the Court of Claims must be determined with reference to the limitation prescribed for claims of the class to which it belongs, unless Congress, by statute, otherwise directs. The Court of Claims has jurisdiction to bear and determine a claim referred to it by either House of Congress, because, and only because, the law-making power has so declared; but, unless Congress otherwise prescribes, that reference will not itself entitle the claimant to a judgment if his claim is not well founded in law, or, when so referred, was barred by limitation. He acquires no new right by the reference, except to demand that his' claim be heard and determined by the court, just as would have been done had it been one of which the court could have taken cognizance by the voluntary suit of the claimant. Had he chosen, before going to Congress,to sue in the Court of Claims he would have been confronted with the statute of limitations. He cannot avoid that obstacle by procuring from one branch of Congress a reference of his claim to that court.”
This conclusion is not in conflict with, but rather sustained by, the case of Broadus (15 C. Cls. R., 465). In that case the court said:
“We are of the opinion that when a claim is referred by one of the Houses of Congress the court does not thereby acquire jurisdiction of the person of the claimant, and that before a claim so referred can be dismissed it is necessary that the claimant appear or be cited to come in and prosecute his case.”
Under these decisions the court is left without jurisdiction of this claim.
A counter-claim comes into court only as the follower of a claim properly cognizable here. When the claim is turned out of court for want of jurisdiction the counter-claim goes with it. (Loony v. The District of Columbia, 18 C. Cls. R., 8.)
The claimants’ motion is allowed and the claim and counterclaim dismissed.
Nott, J.,
delivered the following opinion :
For the reasons stated in my dissenting opinion in the case of Webb & Ford, decided at the last term (20 C. Cls. R,, 487), *297 I concur in the general conclusion of the court in this case, which in substance is this: That one of the Houses of Congress by referring a claim under section 1059 of the Revised Statutes, cannot thereby empower this court to render a final judgment for or against a claimant in any case whatever 5 and that so much of the decision in Webb & Ford as holds that “in cmy case where a claim for money is before Congress, there seems to be no reason tohy either House may not refer it here for adjudication.” under section 1059, and that jurisdiction in ilthefour classes of cases ” specified in that-section “ is equally well established" (20 C. Cls. R., p. 492), is now overruled.
But inasmuch as this court positively held in the case of Webb & Ford that it had jurisdiction, and inasmuch as the Supreme Court affirmed the judgment, one exception might be ingrafted upon the general conclusion, which is, that this court will have jurisdiction of a claim referred by either of the Houses of Congress under section 1059, if it be a claim for the proceeds of abandoned or captured property. With that exception jurisdiction of all such cases must be considered as having come to an end; and the provision itself may now be relegated to the period 10 which it belongs, the period when this court rendered no judgment whatever, and reported all of its proceedings for the final action of. Congress.
It will, perhaps, better explain the decision and the opinion of the Supreme Court in Webb & Ford if it be understood that the question of jurisdiction was not under consideration. The case was not argued orally, but was submitted under the twentieth rule upon printed briefs. The brief of Mr. George S. Boutwell, for the claimant, said:
“The court [below] held that it had jurisdiction, and an able argument from the hand of the chief justice is embodied in the opinion.
“From that decision the United States has not taken an appeal, and the Attorney-General adopts the argument of the chief justice, not only upon the question raised by the demurrer, but also upon the question of jurisdiction, and as fully as if the same had been reprinted in his brief.
“It will be observed that the reference of the Attorney-General to the printed pages of the opinion includes the argument upon the question of jurisdiction.
“Resting upon the opinion of the chief justice, re-enforced by the omission of the Department of Justice to take an appeal, and also by the brief of the Attorney-General, the counsel for *298 the appellant assumes that the jurisdiction of the Court of Claims is established beyond controversy.”
And the brief of the Attorney-General on behalf of the Government said:
“The statement of the case by Judge Richardson is so accurate and his opinion in disposing of it so cogent and complete there can be nothing added; aud I adopt that as fully, and rest the case upon it to the same extent, as if printed here at length (see Rec., 4-13); and since the Court of Claims decided this case, this court, at the present time (Lamar v. McCulloch), adjudged precisely as the Court of Claims has ruled, as to the exclusive remedy in that court for the proceeds of cotton under the act of March 12, 1863, and the acts amendatory thereof.
“An affirmance is respectfully asked.”
With the Attorney-General asking an affirmance of the judgment, and citing as his exclusive argument an opinion which maintained jurisdiction; and with the counsel for the claimant declining to argue the question of jurisdiction because it was not before the court, it is manifest that the Supreme Court did not have the question under consideration. If the question had been presented, I have no doubt the Supreme Court would have said, “Jurisdiction of captured property cases was limited by positive enactment to a fixed period of two years; one of the Houses of Congress cannot undo that restriction by referring a case under the Revised Statutes.”