Weldon, J.,
delivered the opinion of the court.;
On the 24th day of November, 1884, the decedent filed a petition, alleging in substance that at the second battle of Bull Eun, August 30,1862, while in the service of the United States and in the line of his duty as a teamster, he was struck by a shell and so injured as to necessitate the amputation of both limbs.
*308 “ That on account of these injuries the Congress of the United States, by special act, approved July 15,1870, granted to petitioner an invalid pension of $25 per month, on' account of which there was issued to him pension certificate No. 105318, for the loss of both legs, and upon which the United States pension agent at Washington, I). 0., paid to petitioner, to date from the passage of said special act, the sum of $25 per month until June 6, 1870, when his said pension was increased by operation of a general law, approved at that date, to $50 per month, which said rate was paid to petitioner quarterly on an increase certificate, and so continued to be paid to petitioner until June 17,1878, when, by the operation of a second general law, approved at that date, the pension of petitioner was increased to $72 per month under increase certificate, and upon which he was paid quarterly the sum of $72 per month by the above-named agent until the 31st day of May, 1881, when, on account of some misrepresentations made to him and unfounded rumors, the Commissioner of Pensions for the United ¡States notified the agent at Washington not to pay the said pension, and requested the Congress of the United States to repeal the act granting said pension, and sent the papers and proofs in his possession in the case of petitioner to the Pension Committee of the House of liepreseutatives of the United States for that purpose, and repeated the same action for the Forty-seventh and Forty-eighth Congresses.
" Put no committee of either House of Congress has at any time recommended such action, as petitioner is informed and. believes; nor has Congress or either House thereof repealed or modified said special act, nor has it repealed or modified the general law of June 17,1878, increasing his said pension to $72 per month, although nearly four years have elapsed since such suspension and ample opportunity has been afforded to them to do so; nor is it true that the passage of said special act, as has been alleged, was procured by any fraud or misrepresentation on the part of petitioner or other person on his behalf; but petitioner avers that he is justly entitled to such compensation, having been rendered entirely helpless by his service in the war; that he is being unjustly deprived of his pension, on account of which he is sadly in want, and that the same is being withheld from him without warraut of law; that the pension agent at Washington, D. C., whose duty it is to pay the same, and the Commissioner of Pensions to instruct such payments to be made, have refused to do so, although repeatedly requested, until the sum so withheld amounts to the sum of $3,024 and is daily increasing.”
On November 18, 1890, the death of the original claimant was suggested, and leave asked that the suit progress in the name of the claimant as the widow of said decedent — which was allowed.
*309 In the argument of the demurrer, the question as to whether the court has jurisdiction of the subject-matter of the claim was discussed in connection with the sufficiency of the allegation^ of the petition to maintain the alleged cause of action.
The question of jurisdiction is not only antecedent to all other questions, but it is one which is always a subject of inquiry without reference to the pleadings or acts of the parties. It is not waived by any plea filed or act done upon either side of the controversy. (Cape Ann Granite Co. v. United States 20 C. Cls. R., 17.)
On March 3, 1887, Congress passed an act entitled “ An act to provide for bringing suits against the Government of the United States,” which was intended to, and does by its terms, develop and define the general jurisdiction of this court, and by that act we must adjudge and determine the right of the claimant to maintain the present proceeding.
The first section of said law inter alia provides that this court shall have jurisdiction to determine the following matters: “First, all claims founded on the Constitution of the United States or any law of Congress, except for pensions;” and in section 14 it is provided, “ That whenever any bill, except for a pension, shall be pending iu either House of Congress for the payment of a claim against the United States, legal or equitable, or for any grant, gift, or bounty, to any person, the House in which such bill is pending may refer the same to the Court of Claims, who shall proceed with the same in accordance with the provisions of the act approved March 3,1883, entitled “An act to afford assistance and relief to Congress and the Executive Departments in the investigation of claims and demands against the Government.” It is contended, inasmuch as this case was commenced before the passage of the act reconstructing and enlarging the jurisdiction of this court, that such act is not applicable to the rights of the claimant, and that if the court had jurisdiction at the time the suit was commenced no subsequent statute could impair or destroy that right.
The jurisdiction of the court is subject to the will of Congress, the court not having a constitutional grant of judicial authority; and whatever statutes may be in force at the time a case is adjudicated measure the jurisdiction of the court in the discharge of its official duty. There can be no vested right in the remedial process of the law; it is subject to change at the *310 will of the legislature, whose discretion as expressed in th e statutes marks the boundaries of the power of the court.
The subject-matter of jurisdiction is regulated by law, and no consent of parties or failure to take exceptions at a particular time will confer jurisdiction upon the court to adjudicate the rights of the litigants. This principle is so familiar, that it is almost unnecessary to cite authorities to support it. (Chapman v. Morgan 2 Green, Iowa, 374; Jeffries v. Harbin, 20 Ala., 387; Raney v. McRaie, 14 Ga., 589.)
On the 3d March, 1887, the act cited became the law of our jurisdiction as to all suits then pending or which might be thereafter commenced; and no reservation is made in favor of cases on the docket of the court.
This view of the law brings us to the consideration of the provisions of the statute of March 3,1887. The jurisdiction of that act provides for suits “ founded on any law of Congress* except for pensions.” The petition alleges that the Congress of the United States, by special act approved July 15,1870, granted to Jerry Gordon an invalid pension of $25 per month; that by operation of general laws that pension increased until it became $72 per month, which was paid by the defendants until the Commissioner of Pensions notified the pension agent not to pay, and thereupon reported the case to Congress, with the request that the special act be repealed on account of misrepresentation and fraud in the procurement of its passage.
The suit, from the allegations of the petition, is a proceeding to recover against the United States because of the failure of their agents to pay a pension granted to the husband of the present petitioner. The jurisdiction of the claim, so far as it is founded on a law of Congress, is complete; but that jurisdiction must be modified by the exception. The exception is in the first clause of the first section, regulatingthe general jurisdiction of the court; and to emphasize the purpose and policy of the statute, another exception of like character is embraced in the 14th section, giving jurisdiction to the court bo find the facts in matters pending in Congress.
The fourteenth section provides, “ That whenever any bill, except for a pension, shall be pending in either House of Congress,” the same may bereferred to the Court of Claims.
*311 It will be seen that not only as to tbe general jurisdiction of tbe court, but as to tbe special powers of tbe court, a claim for a pension and a bill for a pension are especially exempted from tbe general and special jurisdiction of the court.
Before tbe passage of the Act of 1887 this court bad, when tbe pension was granted, the power to entertain a suit for its nonpayment. In tbe case of Burnett v. The United States (20 C. Cls. R., 190) the jurisdiction of the court was sustained by granting leave to tbe claimant to amend tbe petition after demurrer sustained because of tbe insufficiency of tbe allegations.
In tbe case Daily v. The United States (17 C. Cls. R., 144) the cause was dismissed on demurrer on the ground that tbe court bad no jurisdiction, tbe pension not having been granted. The court said: “ This court can not take jurisdiction of suits brought on inchoate rights meritorious in themselves but need ing some action on-the part of some Department or officer to give the party a vested right.”
In that ease no pension had beeii granted, and the suit was brought because of the failure of the Commissioner of Pensions to grant a pension. The jurisdiction was deficient in the fact that the officer whose duty it was to certify in favor of the claimant had failed and refused to do so. The court held that the power to place a person on the pension list was confined to certain executive officers, and until that was done no vested right maintained in favor of the claimant.
Although this court up to tbe passage of the Act of 1887 had a limited amount of litigation as to pensions, it had recognized tbe jurisdiction of tbe court over claims of that kind, and in that view of the law Congress passed the act having the qualification as to pension claims. As was said in the Daily case, “This petition discloses no cause of action of which this court has authority to take jurisdiction.’7 Before the Act of 1887 the court had jurisdiction to enforce payment of pension claims granted by law of Congress or by the Commissioner of Pensions, but none of claims not so granted. The words “ founded upon any law of Congress, except for pensions,” would be useless if applicable only to tbe former cases, and without force if not applicable to the latter cases. Courts are required to give force to all words found in an act. This case from its allegations seems to be very meritorious in point of service; *312 but the claimant must seek that Department of the Government that has power to grant the relief sought.
Holding as we do that under the law defining the general powers of the court we have no jurisdiction of the claim made in the petition, the caséis dismissed.