Peelle, J.,
delivered the opinion of the court:
The plaintiff avers in her petition:
“Your petitioner, Sarah Cole, alias Sarah Stevenson, respectfully represents:
“ That she is a citizen of the United States, residing in the county of Jefferson, State of Missouri, and that she has a claim against the United States arising as follows:
“That she is the widow of Charles Stevenson, alias Charles Cole, who was the father of Albert Stevenson, deceased, late a soldier in Company H, Sixty-eighth Regiment, United States Colored Infantry, and that on July 6, 1891, a pension certificate, No. 296406, was issued in due form and manner, which certificate directed the United States pension agent at Topeka, Kans., to pay to your petitioner a_pension of $8 per month from October 19,1883, and ending November 27,1884, and that by reason whereof said agent should have paid your petitioner the sum of $106.13, less $15 attorney’s fee due to C. D. Pen-nebaker & Son, but that such payment has not been made, but, on the contrary, the pension certificate was by said agent returned to the Commissioner of Pensions, and was by that officer illegally and improperly canceled and revoked, for reasons unknown to your petitioner. .
“Now your petitioner saith that, under and by virtue of the pension certificate aforesaid, your petitioner is entitled to the sum of $91.13 from defendants, after deducting all just credits and offsets. That no assignment or transfer of this claim or of any part thereof has been made, and that- no other person is entitled to any part of said sum of $106.13, except that $15 of said sum is due to C. D. Pennebaker & Son, attorneys, under an order of the Commissioner of Pensions.
“Wherefore prays judgment against the United States in the sum of $91.13.”
The defendants demurred to said petition on the following-grounds :
“ First. This court has not jurisdiction to consider the class of claims presented by the petition.
“ Second. The petition does not state facts sufficient to constitute a cause of action against the defendants.”
The question of jurisdiction is the first one that confronts *50 us, and if the demurrer is well taken in this respect we need go no farther.
Speaking of the sufficiency of a demurrer to raise the question of jurisdiction, it was said in Gordon’s Case (26 C. Cls. R., 309):
“ The question of jurisdiction is not only antecedent to all other questions, but it is one which is alwajm a subject of inquiry without reference to the pleadings or acts of the parties. It is not waived by any plea filed or act done upon either side of a controversy.” (Cape Ann Granite Co. v. United States, 20 C. Cls. R., 17.)
The Supreme Court, on the subject of pleadings in this court, said in Burns v. United States (12 Wall., 246): “The Court of Claims, in deciding upon the rights of claimants, is not bound by any special rules of pleading.” So this court has kept in view the substantial justice to be effectuated by its proceedings without reference to technical forms. (Morse Arms Co., 16 C. Cls. R., 296; Brown’s Case, 17 C. Cls. R., 303, 310.) By the Act of March 3, 1887 (24 Stat. L., 505,1 Suppl. Rev. Stat., 2d ed., p. 559, sec. 1), it is provided:
“That the Court of Claims shall have jurisdiction to hear and determine the following matters:
“First. All claims founded upon the Constitution of the United States or any law of Congress, except for pensions.” # m #
That exception is also carried into section 14 of said act as to the special jurisdiction of this court.
The same question, in effect also arose in Gordon’s Case (26 C. Cls. R., 307). In that case a pension had been granted to the plaintiff by a special act of Congress, and by reason of misrepresentations the Commissioner of Pensions stopped payment of the pension and requested Congress to repeal the act, though Congress had not at the time of the decisions acted upon such request. The court held that it was without jurisdiction, and said, “ the claimant must seek that department of the Government that has power to grant the relief sought.”
The exception stated in the first section of the act excludes from the jurisdiction of this court all matters pertaining to pensions, and by Revised Statutes, section 471, the power to hear and determine all such matters is, under the direction of the Secretary of the Interior, conferred on the Commissioner of Pensions, under such rules as the President may prescribe.
*51 This court acquires no jurisdiction except sucb as is or may be conferred by statute law, and when by the Act of March 3, 1887 (supra), jurisdiction was conferred to bear and determine “ all claims founded upon tbe Constitution of tbe United States or any law of Congress, except for pensions,” it must be beld that sucb exception is applicable to “all claims” arising under tbe pension laws of tbe United States, and especially since tbe duty of bearing’ and determining sucb claims is devolved upon tbe Commissioner of Pensions in tbe manner aforesaid.
The petition avers that tbe agent at Topeka, Kans., returned tbe pension certificate to tbe Commissioner of Pensions, who illegally and improperly canceled and revoked tbe same, and that, notwithstanding sucb revocation, tbe plaintiff is entitled to recover. While this question is not perhaps material in this case, yet we call attention to tbe decision in Dailey’s Case (17 C. Cls. R., 144), where tbe court beld, “ This court can not take jurisdiction of suits brought upon inchoate rights meritorious in themselves, yet needing some definite action on tbe part of some department or officer to give tbe party a vested right,” and in tbe same decision it was further beld, “The whole matter of ascertaining, determining, and certifying who is lawfully entitled to a pension on account of military service is confided to certain executive officers and not to tbe judiciary, and no right to a pension is fixed until those officers declare it to be, and if they decide against tbe right there is no appeal, except to Congress.” This court, therefore, has no right or power to consider claims which may have been rejected by those officers. A similar question to this was passed upon by this court Boehm’s Case (21 C. Cls. R., 290), and this is true, no matter upon what grounds tbe claim may have been rejected or tbe certificate canceled. The decision of that department, therefore, in tbe allowance or disallowance of a claim is final, and this court has no jurisdiction to review sucb decision. (Calhoun’s Case, 24 C. Cls. R., 414.)
Tbe presumption is that sucb officers do their duty, and if they allow a claim and cause a certificate to issue therefor and afterward cause tbe same to be returned and then cancel and revoke it, tbe presumption is that sucb officers have done their duty under tbe law. If they have not done so, this court is without jurisdiction to review their decision or ■ to correct tbe error by applying a different rule of interpretation to sucb laws.
*52 No vested rights could be acquired under a pension certificate unlawfully issued; and even if the plaintiff had acquired vested rights under a certificate lawfully issued, which was subsequently unlawfully canceled and revoked, this court has no jurisdiction to grant relief, as such claim would necessarily arise out of the pension laws of the United States, add is excepted from the jurisdiction of this court.
The plaintiff’s counsel contends in argument that this is not an action to recover a pension, but to recover an allowance under a pension certificate duly issued. But we fail to see any distinction in the application of the law, as if the plaintiff should recover in this case, it would be for a sum allowed under the pension laws upon which the pension certificate was necessarily based.
Having reached this conclusion, it is unnecessary to consider claimant’s rights, if any she has, under Revised Statutes, section 4718, or the demurrer for sufficiency of facts. The demurrer to the jurisdiction is sustained.
The petition is dismissed.
Nott, J., did not sit in the trial of this case and took no part in the decision.