Campbell, Chief Justice,
delivered the opinion of the court:
The petition was filed in the names of three distinct corporations, namely, Marietta Manufacturing Co., a West Virginia corporation; Minneapolis Steel & Machinery Co., a Minnesota corporation; and St. Louis Boat & Engineering Co., a Missouri corporation. Attached to the petition is a copy of the contract between these three corporations and the United States, which called for the construction by them of four towboats for the Government under the terms of the contract. Alleging breaches of this contract, the three corporations, as plaintiffs, seek to recover from the defendant a large sum — approximately $340,000.
The Government has pleaded, in addition to the general denial, a counterclaim alleging that the three plaintiffs are liable to it in a large sum, growing out of the transactions set forth in the petition and in what it designates count 2 and count 3 sets up other matters. The pleader calls them count 2 and count 3, and for convenience of reference his term is repeated. More accurately, we think, each should be called a counterclaim set-off or plea, and be numbered separately. Count 2 alleges that the Government has a claim against one of the plaintiffs, Marietta Manufacturing Co., for more than $13,000 because of an indebtedness of this company to the Government growing out of one or more contracts between it and the United States, but separate from the contract mentioned in the petition. Count 3 alleges a claim also founded on a separate contract between the United States and another “ one of the plaintiffs, Minneapolis Steel & Machinery Co.,” amounting to a large sum. In •count 2 the Government prays judgment against the Marietta Manufacturing Co. alone, and in count 3 judgment is prayed against the Minneapolis Steel & Machinery Co. alone. Two of the plaintiffs have no connection with the contract relied upon in count 2 and two of them have no ■connection with the contract mentioned in count 3. The plaintiffs have filed a demurrer addressed to each of these -counts 2 and 3, upon the ground that there is a want of mutuality between the. parties to the contract set up in *124 the petition and those mentioned in the two counts, respectively, and.contend that in a suit brought by three parties, relying upon a contract they jointly have with the Government, the latter can not set up as a defense or prosecute a separate claim or demand it may have against one of the-parties plaintiff arising out of a distinct. contract with which the other parties plaintiff are in nowise concerned.
We think the demurrer is well taken. The right of the-Government to file a set-off or counterclaim rests upon the authority of section 145 of the Judicial Code, which also-defines generally the jurisdiction of this court in suits-against the United States. This statute provides that the court shall have jurisdiction to hear and determine, first,, certain claims against the Government, and, second, “all set-offs, counterclaims, claims for damages, whether liquidated or unliquidated, or other demands whatsoever on the part of the Government of the United States against any claimant against the Government in said court.” In giving-its consent to be sued, the Government has thus attached conditions to which the party suing subjects himself. See McElrath case, 102 U. S. 426. But there is nothing in the statute conferring jurisdiction to entertain suits against parties indebted to the United States except they be claimants. It has hence been held that where the court is without jurisdiction of the case set forth in a petition it has no jurisdiction of a counterclaim by the Government against the-plaintiff in such a case. The dismissal of a petition for want of jurisdiction carries with it a dismissal of the counterclaim. See Looney v. District of Columbia, 18 C. Cls. 8; B. & O. R. R. Co. v. United States, 34 C. Cls. 484, 502.
It is a familiar rule that to a suit upon a joint cause of’ action a plea of set-off arising out of a claim against one of the plaintiffs is not allowable. In Gray v. Rollo, 18 Wall.. 629, 632, the court approves the general rule as stated by Justice Story to be that courts of equity, following the law,, will not allow the set-off of a joint debt against a separate debt or, conversely, of a separate debt against a joint debt; or, to state the proposition more generally, they will not allow a set-off of debts accruing in different rights. The
*125 court said (p. 634) : “The debtor who owes a debt to several •creditors jointly can not discharge it by setting up a claim which he has against one of those creditors, for the others 'have no concern with his claim and can not be affected by it.” See also Young v. Black, 7 Cranch 565, 568. We find nothing in the language of the jurisdictional act which requires or .authorizes a different rule when suit is brought against the United States. The act in allowing counterclaims to be interposed contemplates mutual debts or demands. See Eckford case, 6 Wall. 484, 488. It is apparent that much con-fusion, delay, and injustice could arise in the disposition of the original suit if the defendant’s theory were allowable that claims in nowise mutual or in the same right could be .set up by the Government against one or another of the parties plaintiff and be heard along with the original suit. Neither of the items under consideration purport to be •claims against all the real plaintiffs, nor is it sought to treat them as set-offs against the claim asserted by these joint contractors. The question has been decided, however, by this -court.
In Boehm's case, 20 C. Cls. 241, the suit was brought by three persons setting up a cause of action that accrued to them as partners. The defendant pleaded a counterclaim against all of the parties and attempted also to set up as an .alleged counterclaim a judgment it had secured against two -of the three plaintiffs. The court sustained the right to assert the first but sustained a demurrer to the second of these supposed counterclaims. In an opinion by Judge Nott there is adopted the language of Chief Justice Gibson in Archer v. Dunn, 2 Watts & Serg. 361, that “there is no instance of a set-off of a debt due by one of several plaintiffs, because that would enable the defendant to pay his debts to the prejudice of the others. The point is too clear for elucidation and it was directly decided by this court in Henderson v. Lewis, 9 Serg. & Rawle 379.” It but strengthens the view thus expressed to note that in the Boehm, case the plea set forth a dissolution of the partnership, the settlement of its debts, ;and the individual interests of the several partners. When
*126 the case came on for trial the ruling upon the counterclaim was followed, and it was dismissed. See Boehm case, 20 C. Cls. 241, 250.
The demurrer, to “Count II” and “Count III” of defendant’s counterclaim should be sustained and the two counts dismissed. And it is so ordered.
Graham, Judge; Hay, Judge; Downey, Judge; and. Booth, Judge, concur.