Contracts; counterclaim; Court of Claims; jurisdiction where court lacks jurisdiction of petition. — This case involving a claim for damages for breach of contract, originally came before the court on defendant’s motion to dismiss the *598 petition. Upon consideration thereof, together with the opposition thereto, oral argument of counsel and the briefs of the parties, the court concluded that plaintiff was not entitled to recover since the claim first accrued either on November 8,1953, when the Far East Command Board of Contract Appeals rendered its decision, or on September 30,1954, when the Armed Services Board of Contract Appeals affirmed that decision, and suit filed on December 3,1962 was therefore barred by the six year statute of limitations, 28 U.S.C. § 2501. The court noted that there had been no new promise to pay the alleged debt but only a refusal to pay. On February 14, 1964, it was ordered that the petition be dismissed following disposition of defendant’s counterclaim. Plaintiff then filed a motion to dismiss the defendant’s counterclaim, urging that since the court had concluded it did not have jurisdiction of the claim stated in the petition, the counterclaim must be dismissed.
Upon consideration of plaintiff’s motion, defendant’s opposition thereto, and without oral argument, the court concluded that plaintiff’s motion should be granted, relying on the rule stated in Alloy Products Corp. v. United States, 157 Ct. Cl. 376; The First National Steamship Co. v. United States, 106 Ct. Cl. 601; Yale & Towne Mfg. Co. v. United States, 67 Ct. Cl. 618; Baltimore & Ohio RR. Co. v. United States, 34 Ct. Cl. 484; Boehm v. United States, 21 Ct. Cl. 290; and Looney v. District of Columbia, 18 Ct. Cl. 8. On June 12, 1964 the counterclaim was dismissed.