Richardson, J.,
delivered the opinion of the court:
Each of these five cases was commenced as an action at law by the claimant (one of them by two claimants in severalty), as assignee of one Frank H. Finley, who had several contracts with the District of Columbia, through the.board of public *304 works or the Commissioners of the District. Finley was not a party to either of said cases.
On the 23d of May, 1881, the court made the following order as to the first- three cases, the last, two not having then been called to its-attention:
“ Ordered, That the suit of Francis Prott vs. the District of Columbia, No. 161, and that of Thomas A. Brown and Charles P. P.-Wroe vs. the same, No. 223, be consolidated with the above-entitled suit of Thomas, A. Brown, so as. to bring before the court all the parties claiming to be interested in- the fund in controversy in the last-mentioned suit, and that leave be, and it hereby is, granted by proper amendments of the petitioners in said suits, or by a new petition, which shall embrace the claims to said fund of all the said parties to make the proceedings or proceeding conform to a proceeding in a court of equity.”
In pursuance of this order, Brown, Prott, and Wroe jointly filed an amended petition, setting forth their several claims and interest in the subject-matter of the original petitions. Finley, the assignor, was not made a party to this petition, but with the claimants, his assignees, signed and swore to a certificate attached to the petition, that “the facts stated in the foregoing amended petition are true, to the best of our knowledge and belief.”
The defendants filed three items of set-off and counter-claim.
Upon these pleadings the parties went to trial, and seven days were given to hearing of counsel. During the progress of the trial the defendants claimed that Finley should be made a party to the proceedings, and on the last day of the hearing-it was first brought to the attention of the court that there was pending another action in the name of William Dickson, as assignee of said Finley, growing out of the contracts of the latter with the District of Columbia.
Further hearing was thereupon suspended, that the court might take into consideration the pleadings and allegations of the several parties to all these cases and determine whether or not they should not be fully consolidated, and Finley, the assignor, also be made a party thereto. Since then the court has found that Dickson has two actions instead of one pending as assignee of Finley, growing out of the same matters, to some extent, in controversy in the other cases.
The petitions and allegations in these five cases have been carefully examined and considered, and the court has come to *305 the conclusion that.they must all be consolidated, and that Finley must be made a party or cited in to assert his claims, if he has any, against any of the party claimants, or against the District of Columbia, in any of the matters before the court in these cases, in order that he may be bound by whatever judgment or decree may be finally rendered.
In order to show how important and necessary such a course is, we have only to make a statement of the facts alleged and the pleadings of the parties, and to point out the complications-which have arisen, and the connection of the several parties with the various transactions out of which the controversies have grown.
Frank H. Finley had several contracts with the District for doing work on certain streets, and in the construction of sewers, among which was a contract, No. 4, for laying a sidewalk and setting the curb on Eleventh street, from Pennsylvania avenue to F street. This contract was extended to embrace the same character of work from F to N street. Also a contract, No. 795, for paving and laying the sidewalks and putting down sewer on K street, from Seventh to North Capitol street. There were several extensions of this contract, but the only ones material for reference to at the present time are those embracing the grading, &c., on First street and the grading on Virginia avenue southeast.
Under these contracts and extensions Finley did a large amount of work, and received from the District a large amount of money in payment at different times.
Thereafter, according to the allegations in the several petitions, Finley made, executed, and delivered to thq present claimants, severally, the following documents, called by the holders assignments, but of which the effect at law and in equity, upon the subject-matter involved in the several cases, and the rights of claimants, may admit of much controversy, not only with the District, but among the holders themselves, and perhaps with Finley also. We arrange and number them for convenience in the chronological order of their dates.
[No. 1.]
“ To the Hon. Commissioners of the District of Columbia:
“Yon will please pay to Thomas A. Brown the sum of ten thousand dollars out of the balance coming to me for work done *306 nnder my contract (No. 795) for grading, &c., on Yirginia avenue, in tbis city, that amount being due bim for money which he advanced me for the purpose of carrying on the work under said contract.
“Washington, D. 0., March 28,1876.
“Frank EL Finley.”
[No. 2.]
“ To the Son. the Commissioners of the District of Cólmnbia:
“You will please pay to Francis Prott the sum of fourteen hundred and fifty dollars ($1,450.49) out of the balance coming to me for work done under my contract (No. 795) for grading, •&c., on Yirginia avenue, in this city, that being due him for money which he advanced me for the purpose of carrying on the work under said contract.
“Washington, D. 0., March 31, 1876.
“Frank H. Finley.”
[No. 3.]
“Know all men by these presents that I, Frank H. Finley, of the District of Columbia, have made, constituted, and appointed, and by these presents do make, constitute, and appoint, Charles P. P. Wroe, of the District of Columbia, my true and lawful attorney irrevocable, for me, in my name, place, and stead, hereby annulling and revoking all former powers of attorney or authorizations whatever in the premises, to the amount of five hundred and fifty dollars, tobe deducted out of monies due me in a certain claim against the government of the District of Columbia, filed with the late board of audit of the said District, for hHilling and removing old material from Eleventh and Twelfth streets, northwest, and to, from time to time, furnish any further evidence necessary or that may be demanded, giving and granting to my said attorney full power and authority to do and perform in my name all and every act and thing whatsoever requisite and necessary to be done in and about the premises, as fully to all intents and purposes as I might or could do if personally-present at the doing thereof, with full power of substitution arid revocation, and in my name to receipt and sign all vouchers, and endorse, transfer, and sell all certificates, orders, and warrants, hereby ratifying and confirming all that my said attorney or his substitute may or shall lawfully do or cause to be done by virtue thereof.
“ In witness whereof I have hereunto set my hand and seal this fourth day of April, eighteen hundred and seventy-seven.
“F. II. Finley.” [seal.]
[Acknowledged before a notary public April 4, 1877.]
*307 [No. 4.]
1 ‘ Know all men by these presents that I, Frank H. Finley, of the city of Washington, D. G.,for value received,, do hereby grant, assign, and transfer unto Thomas A. Brown, of the said city, all claims and demands which I have against the District of Columbia for all sums of money due me from the District of Columbia for work and labor done and materials furnished in the improvement of certain streets in said city of Washington, and all other claims and demands whatsoever which I have against said District of Columbia.
“In witness whereof I hereunto set my hand and seal this twenty-third day of October, A. D. 1880.
“F. I-I. Finley.” [seal.]
[Acknowledged before a notary public October 23, 1880.]
[No. 5.J
“Washing-ton, D. C., December 14,1880.
“For value received, I hereby assign unto William Dickson all my right, title, and interest in and to a claim for extra allowance due in haul on contract No. 4, issued by the board of public works, being the difference between the amount paid on account of said claim, $4,590, and the amount due, $11,791, with interest to time of settlement. Also assign to the said William Dickson the amounts claimed to be due as difference between the value of the certificates received in payment for work done under contracts No. 4 and No. 795 with board of public works and lawful money of the United States, William Dickson having full power to prosecute the said claims and to collect the amount from the Court of Claims.
“Witness my hand and seal this fourteenth day of December, 1880, A. D.
“Fo H. Finley.” [seal.]
[Acknowledged before a notary public December 14,1880.]
On the 3d of July, 1880, Thomas A. Brown brought suit in this court, as assignee upon his first order from Finley, to recover $10,000 out of money therein claimed to be due to Finley for work under his contract No. 795, for grading, &c., on Virginia avenue.
On the 24th of November, 1880, Francis Prott brought suit as assignee to recover on his order from Finley the amount thereof, which he then supposed, as he alleges in the petition, to be for $1,000, while it appears to be in fact for $1,450. He claims money due to Finley upon contract No. 795, for grading, &c., on Virginia avenue, as Brown claimed in his petition, and *308 be prays that his case may be consolidated with that of Brown.
On the 13th of December, J 880, Thomas A. Brown and Charles P. P. Wroe brought suit, each claiming as assignee of Finley, the latter by virtue of the power of attorney set out above as No. 3, and the former by virtue of his general order marked as No. 4. Although their interests were several, and Wroe’s claim, as appears by his power of attorney, relates only to the hauling and removing old material on Eleventh and Twelfth streets, and Brown’s covers many other items of claim, they joined in the same action. The petition admits Brown’s prior assignment for $10,000 and Prott’s prior assignment for $1,000 as payable out of a particular claim, and sets up eleven additional claims of Finley against the District for extra work, &c., in connection with his two contracts No. 4 and No. 795, and one other contract, including a claim of $2,915.10 for extra compensation for grading 9,717 yards of earth on Virginia avenue, amounting-in all to more than eleven thousand dollars.
On the 15th of December, 1880, William Dickson, having but one order or assignment from Finley, and that dated after the date of Finley’s general order to Brown, which in terms covered all his claims against the District, brought two suits thereon against the District as assignee of Finley, claiming in one for extra allowance due Finley in haul on contract No. 4, and in the other for the difference between the values of the certificates received in payment for work done under both contracts No. 4 and No. 795 and lawful money of the United States. No evidence appears to have been filed in either of the cases of Dickson.
In Brown’s first case a stipulation between Brown and the defendants has been filed, by which it is agreed that on the 10th of March, 1876, there was due Finley $10,965.89, according to the accounts and measurements of the defendants, for work on his contract, which appears to refer mostly to the Virginia avenue extension of contract No. 795. But this -is made subject to any defense, set-off, or counter-claim on the part of the District. Finley is not a party to this stipulation, nor is Prott, Wroe, or Dickson. The defendants have filed an answer to the amended petition in Brown’s case, which consolidates and brings together one only of the claims in Brown and Wroe’s case, a set-off or counter-claim of three items of over-payment alleged to have been made by the District and received by Finley by fraud *309 or mistake, and without authority of law, to wit, $2,205.52 and $1,741.66 on contract No. 795, and $4,596 on contract No. 4.
This counter-claim or set-off may, perhaps, with equal justice, be set up against Dickson in his two actions not yet brought to trial, and against Brown and Wroe as to so much of their joint suit as has not been consolidated with Brown and Prott’s actions, but which has been heretofore left for future trial and submission. If the counter-claim should be sustained, the court ought to have before it all the parties concerned, that it may be able to determine from whose claims it should be deducted, if several parties succeed in proving several claims; and Finley, too, has an interest in the defense of the counter-claim, since if allowed it may leave him in debt more or less to his assignee or assignees from whose demands it is deducted.
At the hearing already had, Brown and Prott confined their claims^ to the account allowed by stipulation for work done by Finley under the Virginia avenue extension of contract No. 795, without including, however, the claim for extra work done in connection with that extension of the contract to Virginia avenue set up in their joint suit, and without waiving it, but leaving the matter still open.
Such a complication as is thus presented, both in the subject-matter and in the parties, is rarely to be met with in suits at law or in equity.
It is the duty of the court to simplify matters, if possible, in justice to all parties. The District ought not to be harassed with five separate suits instituted on account of Finley, with whom alone it contracted, and they ought not to be obliged to settle all these controverted questions which may arise among the five several claimants now in court, who found their respective claims upon the peculiar documents which they set up as assignments from Finley; especially so in the absence of Finley from the record, and when, after all the litigation in these five suits, he, the original party to the contracts with the District, would not be bound by the judgment of the court rendered in cases to which he is not a party.
Without undertaking to pass upon technical questions of pleading in equity as to what parties must or may be joined, we think the act itself conferring jurisdiction on this court in these claims against the District has given us ample power to make all orders and decrees necessary to bring the matters in *310 controversy which may arise among all parties whose interests may beinvolveil in these five suits, and in the subj ect-matter of the same, to one trial and one final adjudication which will be binding and conclusive upon them all, thus avoiding a multiplicity of actions, and speedily putting an end to contentions which might otherwise drag along for years, to the great expense of all concerned, and to the great detriment if not the subversion of the administration of justice in these cases.
The District claims Act (1 Supplmt. R. S., 503) gives the court “legal and equitable jurisdiction of” certain claims, and provides that the—
u Said Court of Claims shall have the same power, proceed in the same manner, and be governed by the same rules, in respect to the mode of hearing, adjudication, and determination of said- claims, as it now has in relation to the adjudication of claims against the United States, * * * and cases of the like kind may be consolidated and tried together whenever the court so orders.”
The court has never felt bound by all the strict and technical rules of pleading incident to actions in the courts of common law or in equity. (Burn’s Case, 12 Wall., 246, and 7 C. Cls. R., 219; Figh's Case, 8 C. Cls. R., 322; Burke’s Case, 13 id.., 238; Mores Arms Company’s Case, 16 id., 301). It seeks to administer justice between the contending parties by forms the most simple and convenient, and to make all such interlocutory .orders as will lead to the doing complete justice to all concerned, without prolonging litigation or subjecting either side of a controversy to unnecessary inconvenience and expense.
It is apparent that to bring to a final settlement the accounts and claims of Finley, which, it is alleged, he has transferred or assigned by conflicting orders and other writings to five several parties, we must have him and all his assignees together before the court at one time, so that all their controversies may be disposed of by one decree.
To this end it is
Ordered, That the several cases of Thomas A. Brown (No. 3), Francis Prott (No. 161), Thomas A. Brown and Charles P. P. Wroe (No. 223), William Dickson (No. 305), and William Dickson (No. 309), v The District of Columbia be consolidated and tried together; and that before the trial some one of the claimants, with such others as may join therein, file a supplementary petition, making Frank H. Finley, their alleged assignor* *311 a party to the proceedings, and citing him in to assert and prove whatever claims he may have, if any, against the District of Columbia in the subject-matters and controversies involved in each and all of said cases, and whatever defenses or objections, if any, he may have to the assignments, powers of attorney, or other documents alleged by the claimants to have been signed by him and delivered to them respectively, touching those matters, or be concluded by the judgment of the court therein.