Weldon, J.,
delivered the opinion of the court:
This is an action by the administrator of the patentee to recover from the defendants for the use of a patent under an implied contract.
The petition is in the usual form, counting upon that particular cause of action. To the petition the defendants filed an ordinary traverse, amounting in legal substance to the general issue. The claimant, being dissatisfied with the general allegations of the plea, filed a motion “ that the defendants be required to set out specifically by plea any defense they may have to the claimant’s cause of action, or that they give notice under the general issue of any of the, matters of defense intended to be offered or proven, as required by section 4920 of the Ee vised Statutes, if it is intended to set up any of the matters specified in said section in defense.”
As the result of that motion, the defendants filed a notice under the general issue, stating in substance that the patent was fraudulently obtained; that the invention had been patented before the date of the patent to the decedent of the claimant; that the decedent was not the original and first inventor or discoverer of any material or substantial part of the thing patented; that the invention had been in public use for more than two years before the decedent made application for letters patent. The notice, embracing in legal substance what the defendants regard as a defense in law, was filed in pursuance of the requirement of the motion made by claimant requesting a more specific allegation of the defense than is disclosed by the general traverse.
To the notice the claimant files a paper, which embraces in substance objections which at common law could be raised by special and general demurrer. It embraces the substance of a special and general demurrer, the first being objections for want of form, and the second objections for want of substance, as follows:
“That said notice does not give the names and residence of parties using or inventing the same; and secondly, that the defendants are estopped from denying in this proceeding the legality of the patent, such denial being in law an impeachment of their own grant.”
The last pleading in the cause is the present motion of the defendants, being a motion to strike the demurrer from the *77 files for the reason that a notice under the general issue is not the subject of demurrer; that the sufficiency of the notice as a pleading can only be tested when the party seeks to introduce proof for the purpose of sustaining the truth of the allegations contained in the notice; that it is not a plea in any sense of the term, and is therefore beyond the reach of a demurrer.
Before indicating any purpose as to the proper disposition of the present motion, it maybe proper to settle the force and significance which is given in this court to the subject of pleading.
In the case of Little v. The United States, the Chief Justice of this court said: “ The Supreme Court of the United States have held that the Court of Claims, in deciding upon the rights of claimants, is not bound by any special rules of pleading” (United States v. Burns, 12 Wall., 246), and this court has been steadily ruled by the spirit of that comprehensive and liberal expression. In Burke's Case (13 C. Cls. R., 231) it is said: “This court is created by Federal law, with its seat in the Federal capital, with forms of proceeding prescribed by Federal law for the recovery of money from the Federal Treasury. The forms prescribed for it are neither taken from the common law nor equity. They leave a large measure of freedom from the restraints of the special rules of pleading.” Again, in Morse Arms Manufacturing Company Case (16 C. Cls. R., 296):
“ Proceedings are conducted here with a view of effecting substantial justice irres]»ective of technical forms.”
And again, in Brown v. The District of Columbia (17 C. Cls. R., 303):"
“ The court * * * seeks to administer justice between the contending parties by forms the most simple and convenient, and to make all such interlocutory orders as will lead to the doing of complete justice to all concerned, without prolonging litigation or subjecting either side of a controversy to unnecessary inconvenience and expense.”
The Supreme Court, in passing on the question of pleading-in this court, said, the “ forms of pleading in the Court of Claims are not of so strict a character as to preclude the claimant from recovering what is justly due him upon the facts stated in the petition,.although due in a different aspect from that in which the demand is conceived.” (Clark v. United States, U. S. R,, 543. See, also, Brown's Case, 17 C. Cls. R., 303; Little's Case, 19 C. Cls. R., 330; Bohan's Case, 110 U. S. R., 338, 347.)
*78 While the strict rules of the common law upon the subject of pleading are not enforced in this court, the philosophy of the law as recognized by that system is often adopted as a most convenient mode in framing issues arising upon the facts of a controversy. In the case at bar, it being a suit to recover for the use of an alleged patent, at common law the broad and comprehensive action of assumpsit would lie, and the general issue corresponding to the general traverse in this case would be a sufficient answer to the whole declaration, being in effect a denial of the plaintiff’s right to recover.
Pleading by notice is in derogation of the common law, it being unknown to that system, either before or after the statute of Westminster 2d. The rules ot the common law required, when a declaration was deemed sufficient, a plea, either of special or general traverse, or in confession and avoidance. If the plaintiff deemed the plea inartificial or insufficient, he might demur either for form or substance.
In order to relieve the administration of the law from the subtleties which had crept into the practice through the medium of .special pleading, statutes were passed by many if not all the States providing for a new form of pleading, by giving notice under the general issue of the special matter relied on, the notice taking the place and performing the functions of a special plea at common law.
After the passage of these statutes a party could, either as at common law, plead the general issue and such special pleas as were necessary for a defense, or file the general issue and notice; but the use of one form precluded the other, and compelled the party by his election to rely on one distinct mode.
The motion in this case is to strike from the files a demurrer to a notice, and the decision of this question depends upon the decision of the question whether a demurrer will lie against a notice under the general issue. A motion to strike from the files is the only way that a defective or improper demurrer can be reached, as the law does not permit a demurrer to be filed to a demurrer.
In the research which we have been able to make, assisted by the brief and argument of counsel, we find decisions in several States having statutes allowing a notice under the general issue; and while courts have not been entirely uniform in their reasoning upon the effect of a notice upon the rights of the *79 parties, they have held that a demurrer will not lie to a notice under the general issue.
In the ease of Vaughan v. Havens (8 Johnson, 110), it is said:
“The notice forms no part of the record, and cannot therefore be considered as a special plea which admits, and avoids the cause of action set forth by the plaintiff.”
In the case of N. O., J. & G. N. R. R. Co. v. Wallace (50 Miss., 244):
“Andthe demurrer to the notice attached to the general issue was not the proper mode of taking objection to the matter proposed to be given in evidence under the plea. When an improper notice is attached to the general issue the mode of avoiding the special matter proposed to be proved under it is not by demurrer, but by an objection to the introduction of the testimony.”
The same doctrine was held in Wren v. Hoffman (41 Miss., 616). In the case of Sutliff v. Gilbert (8 Ohio, 411) the court said:
“ Bach plea must in itself contain a defense to the action. If the facts therein alleged are true, the plaintiff may demur to it, and thereby raise the question whether the facts constitute a defense.”
But it is not so with a notice. It cannot be demurred to. So far it is no part of the record. Following the same line of decision, the supreme court of Illinois, in the case of Burgwin v. Babcock (11 Ill., 28), held:
“ No issue of law or fact can be formed upon a notice filed with the general issue. Itis only when evidence is offered under the notice that the sufficiency of the notice can be tested; and if the matters stated in the notice do not constitute a defense to the action, the evidence offered will be excluded.”
The doctrine announced in this case, although adhered to in the subsequent case of Hunt v. Weir (29 Ill., 83), was very much criticised by the separate opinion of Justice Breese as being subversive of the end and purpose of pleading.
The statute under which the notice in this case was filed, after giving leave to a defendant to file the general issue, provides, “ and (the defendant) having given notice in writing to the plaintiff or his attorney, thirty days before may prove ” the special defenses enumerated by the statute. The law does not require the defendant to file in court the special matters, but simply to give notice to the plaintiff thirty days before the trial *80 of the canse. The United States statute differs from the ordinary statutes upon the subject of notice in not requiring it to be filed as a paper in the cause.
While a different rule of law might have been established by the courts in relation to the right of a demurrer against a notice with much legal propriety, we are constrained to adopt the rule of law of the common-law courts upon the subject of notice under similar statutes, and therefore sustain the motion to strike from the files the demurrer of the complainant, reserving the decision of the question whether the defendants can avail themselves of the benefit of the statute to the trial and decision of the cause on the merits.