## BARNARD *v.* DISTRICT OF COLUMBIA.

### APPEAL FROM THE COURT OF CLAIMS.

No. 272. Argued May 2, 1888. — Decided May 14, 1888.

Plaintiff and the Board of Public Works of the defendant entered into a contract by which plaintiff was to do certain work on a street in the city of Washington and receive payment therefor at the rate of 30 cents per cubic yard for grading, and 40 cents per cubic yard for excavation and refilling, to be measured by excavation only. The Board had before then entered in its record and notified its engineer, auditor and contract-clerk that for rock excavation contractors should be paid $1.50 per cubic yard in ditches and sewers, and $1.00 per cubic yard in street grading, etc. Plaintiff did his work, was paid at the contract price, and brought this action to recover for rock excavation, claiming that it was outside of the contract. *Held :*

(1) That it was not outside of the contract.

(2) That the act of February 21, 1871, 16 Stat. 419, c. 62, forbade the Board

to contract except in writing, and forbade the allowance of extra compensation for work done under a written contract.

(3) That the entry in the journal of the Board could not affect plaintiff's contract.

THE case is stated in the opinion of the court.

*Mr. I. H. Ford* for appellant.

*Mr. Attorney General* and *Mr. Assistant Attorney General Howard* for appellees.

MR. JUSTICE FIELD delivered the opinion of the court.

On the 23d day of July, 1872, Robert H. Ryan, since deceased, entered into a contract with the Board of Public Works of the District of Columbia to do certain work for the improvement of New Jersey Avenue, in the city of Washington, from B Street south to the Potomac River. The different kinds of work required were stated, and the prices for each specified, among which were "grading, 30 cents per cubic yard," and "excavations and refilling, 40 cents per cubic yard, to be measured in excavating only." It is conceded that Ryan performed the work pursuant to the contract, and has been paid the amount agreed upon. The present claim is for extra work on the avenue "in grading or excavating stone or rock," for which it is contended there is no provision in the contract. The Board had entered in its journal before the contract was made the following: "Chief Engineer was notified that the following price was established for rock excavation, viz.: in ditches for sewers, etc., $1.50 per cubic yard; cutting down streets and the like, $1.00 per cubic yard. Auditor and contract clerk notified;" and Ryan contended that he was therefore entitled for all rock excavations to one dollar a yard instead of the price specified in the contract for grading and excavating, the difference being $4060.

To this contention there are two answers. In the first place, the "grading" and "excavation" specified in the contract are not limited to work done in sand or gravel or earth free from stone or rock. It might reasonably be expected

that more or less stone or rock would be found in the progress of the work, and the price was evidently fixed upon its supposed average character.

In the second place, the act of Congress of February 21, 1871, " to provide a government for the District of Columbia," in force at the time, required that all contracts by the Board should be in writing, be signed by the parties making the same, and a copy thereof filed in the office of the secretary of the District; and it forbade the allowance of any extra compensation for work done under a contract.    16 Stat. 419, 423, c. 62, §§ 15, 37.

The entry in the journal of the Board was no part of the contract with the claimant, nor could it in any respect control the construction or limit the effect of such contract.    The Board could not in that way either make a new contract or alter the one previously made, so as to bind the District. *Barnes* v. *District of Columbia,* 22 C. Cl. 366.

*Judgment affirmed.*