Davis, J.,
delivered the opinion of the court:
This case now comes before ns for a new trial, based upon assignments of error alleged to have been committed in our former findings of fact and conclusions of law.
The first error alleged is that Connolly, the contractor, is charged with $2,850.52, paid him December 5, 1873. Plaintiff urges in support of his contention that a controversy arose between Connolly and the board of public works as to his compensation; that the matter was referred to commissioners, who found a certain amount due, which was paid. This, it is contended, was in effect a submission to arbitration. The conclusion was in effect an award of duly empowered arbitrators, it is said, and the District can*not now recover back any money paid under the commissioners’ decision. The account (plaintiffs urge) must be held to be finally and conclusively settled.
The only evidence we have upon this point is found in the report to this court of the referee appointed by us prior to the former hearing. He thus reported:
“A controversy having arisen between Connolly and the board of public works in respect of the amount of work done under the original contract, No. 243, the matter was referred on November 20, 1873, for adjudication to a commission consisting of (four names mentioned), and a settlement of the account under said original contract was made in accordance with the award of said commission as reported by that body to the board of public works, November 27,1873.”
There is no dispute in this matter as to the amount of work done. The point is that Connolly was allowed board of works *393 rates instead of Ms contract rates in tMs payment. We do not consider that the referee’s report (and we have no other evidence) shows a submission to an arbitration which could produce an award binding and conclusive upon the District, or that the decision of these commissioners effected such a settlement as amounts in law to an accord and satisfaction. On the contrary, this report, in our opinion, simply shows a payment made upon the statement of adjusters appointed in the course of business, prepared upon the assumption that Connolly should be allowed board rates and not contract rates, an assumption held by this court to be unwarranted.
As to this we can only repeat our former ruling herein, to wit:
This question has been so fully discussed in the recent opinion of the chief justice in the case of Barnes v. The District of Columbia (22 C. Cls. R., p. 366), that it is unnecessary to go over the ground again. We hold in these cases, as we held there, that these orders (of the board of public works) do not change “the written contracts between the parties made before the orders were issued, and much less contracts made thereafter.”
The plaintiff coming into court for a final settlement with the District, and having received public money, to which he had no legal claim, must be held liable to refund it. (22 C. Cls. R., 400.) See also Barnard's Case (127 U. S., 409, 410).
We now again hold that the District can recover back the overpayment-; but this only as to Connolly, the contractor.
Otherwise is it as to his assignees: Between Connolly and the defendants it may be well enough to make a general account covering all his contracts, and, after striking a balance, to cause the defendant to pay the sum shown due him, or to authorize the defendant to recover the sum due from him, as the result may be in Connolly’s favor or against him. But an assignee of a contract which is profitable can not be charged with his assignor’s loss upon another — entirely different and losing — contract, when, as in this case, he has furnished the money upon which the contract was completed, with the knowledge of the defendant. The rights of Connolly’s assignees, therefore, are (after the assignment of which' defendant had knowledge) not tobe confounded with Connolly’s rights or his duties or his liabilities; if his assignee’s assignment be of a *394 profitable contract upon which something now remains due and unpaid, recovery can not be defeated by the fact that Connolly owes the District for overpayment upon another and losing contract with which the assignees are in no way connected.
Counsel for Connolly’s administrator urge that as payments, now held to be overpayments, were made to Lay & Co. as Connolly’s agents, or attorneys, or assignees (their quality of agency is disputed), and as they were authorized to receive only what “ was due ” and not to receive what was not due (that is, not to receive overpayments), no recovery can be had by defendants for such overpayments. It appears, however, at this trial, that the payments made to Lay & Co. reached Connolly. In view of this fact, to wit, that Connolly had the benefit of the payment, we see no reason to change our finding of fact or to examine the nature of Lay & Co.’s assignment or power of attorney, as to which there is dispute. We allow the exception as to Finding X, and allow the $300.04.
During the trial it was stated that all questions between the different assignees were reserved. Judgment will therefore be suspended.