Richardson, Ch. J.,
delivered the opinion, of the court:
The decision of these cases turns upon the exception of the claimants to the finding of the referee that the defendant was entitled to recover on the counterclaim with interest from June 1, 1874, as set out in the findings.
The counterclaim arose upon the facts found that McNamara, the contractor, had been paid for his work at "board rates,” to which this court in several cases and the Supreme Court on appeal had decided contractors were not entitled above contract rates. (Roche's Case, 18 C. Cls. R., 217; Barnard, Case, 20 id., 257, and 127 U. S. R., 409; Barnes Case, 22 C. Cls. R., 366; Eslin Case, 22 id., 395, and 29 id., 370.)
The finding as to the amount of counterclaim was correct when the report was made according to those decisions, but Congress since the report, by the Act of February 13, 1895 (28 Stat. L., 664), has required this court to allow the rates established and paid by the Board of Public Works to all claimants, under the former District of Columbia Claims Act (1880, June 10, 21 Stat. L., 284).
The act of February 13, 1895, sets aside those decisions and this counterclaim, reverses the finding of the referee, and leaves nothing for the court to do but to obey its command.
But the referee reports that the defendant is entitled to interest thereon from June 1, 1874, and it is urged for the defendant that this is correct now and that the counterclaim should draw interest from the time the money was paid as reported by the referee, because it was a legal and valid counterclaim until the passage of said act of February 13, 1895.
We can not concur in the contention of the defendant. In the case of Pacific Railroad v. United States (158 U. S. R., 118) the Supreme Court decided that when the principal of a debt is extinguished by payment the interest is also extinguished. This rule of law applies with equal force when the principal is extinguished by act of Congress, and that part of the referee’s report is not adopted.
The administrator of McNamara will have judgment for $5,119.36 as due and payable February 1,1872, and $1,066 as due and payable April 1, 1876, within the intent and meaning of the acts of February 13, 1895, and June 6, 1880. The executrices of Theodore Sheckels will have judgment for $7,306.25, as due and payable April 1, 1876, within the intent and meaning of said acts.