RichardsoN, Ch. J.,
delivered the opinion of the court:
The claimant, as assignee of Frank N. Finley, who had contracts for work for the defendants through the Board of Public Works, in 1873 and previous years, and who made assignments of amounts due him thereon to several different persons, brought his action in this court against the District, as did other assignees.
These cases were consolidated and tried together, as reported in 17 C. Cls. R., 303, 402.
The claimant’s assignment was dated December 14, 18S0, after the work under the contract had been completed and all the transactions mentioned in the findings between said Finley and the District had taken place, so that the claimant stood in exactly the same position as to the right of recovery as did Finley. In that action the claimant was not allowed “the *402 rates established and paid” by the Board of Public Works, but was lield to contract rates.
The defendant relies upon a set-off for $4,596 on the-facts formerly found and as now found anew in finding iy, and the court sustained the same, but judgment was not rendered thereon against the claimant, manifestly because in accepting an assignment of Finley’s rights he did not become liable for refund on account of Finley’s wrongs except by way of set-off, judgment was rendered dismissing the petition.
April 6, 1895, the claimant filed a motion for a new trial, which was allowed under the following act of Congress:
“ Be it enacted, etc., That in the adjudication of claims brought under the provisions of the act entitled ‘An act to provide for the settlement of all outstanding claims against the District of Columbia, and conferring jurisdiction on the Court of Claims to hear the same, and for other purposes,’ approved the sixteenth of June, eighteen hundred and eighty (Twenty-first Statutes at Large, page two hundred and eighty-four), the Court of Claims shall allow the rates established and paid by the Board of Public Works; and whenever said rates have not been allowed the claimant or his personal representative shall be entitled, on motion made within sixty days after the passage of this act, to a new trial of such cause.” (Act February 13, 1895, ch. 87, 28 Stat. L., p. 664.)
We have now found the amount due for Finley’s work at the rates established and paid by the Board of Public Works in excess of that which had been previously allowed, to be as stated in finding in, $5,982.30.
And we find that there must be deducted therefrom the sum of $4,596 wrongly paid to said Finley before the assignment to the claimant.
In relation to this setoff we said in our former opinion in this case (17 C. Cls. R., 423), and we adhere to the same now:
“On. the 23d of September, 1875, Finley presented to the Board of Audit a claim for additional compensation for depositing earth in the canal. The Board of Audit havin g been induced by the misrepresentations of the claimant or otherwise to suppose that the Board of Public Works had agreed to give him 15 cents per cubic yard for earth deposited in the canal in addition to the price for hauling, made allowance to him therefor to the amount of $4,596, and he was paid that sum on such allowance.
“This claim was presented long after the authority of the board to receive claims had expired, and its action thereon. *403 was ultra vires, and voidable if not void. Besides, tbe claim bad no foundation in fact. The Board of Public Works never did agree to pay 15 cents or any other price for depositing earth in the canal the hauling of which they were to pay for according to distance hauled. Such an agreement was not expressed in any of the writings or facts set forth in the findings; and it is not to be presumed, so closely would it border upon absurdity. When a contractor agrees to excavate earth and haul it away, and prices are expressly fixed for the excavation and for the haul, it is hardly to be conceived that it could be understood that he was to have extra compensation for emptying his carts. And yet such was Finley’s claim, and the Board of Audit fell into the mistake of accepting it.
“This allowance was made in mistake of fact, and the defendant has a right to set it up as a counterclaim against Finley.”
It is therefore a valid set-off to his claim in the hands of his assignee.
For the balance, $1,386.30, we give judgment in favor of the claimant under said act of February 13, 1895, assuming that Congress had the right to require the court to grant a new trial and to allow the claimant more than the District had legally contracted to pay, as decided by this court in several cases and by the Supreme Court on appeal. (Roche's Case, 18 C. Cls. R., 217; Barnard Case, 20 C. Cls. R., 257, and 127 U. S. R., 409; Barnes Case, 22 C. Cls. R., 366; Eslin's Case, 22 C. Cls. R., 395, and 29 C. Cls. R., 370.)